Argued September 13, reversed December 22, 1965

## STATE OF OREGON v. COOKSEY

409 P. 2d 335

*Carl M. Felker,* Roseburg, argued the cause for appellant. On the brief was Dudley C. Walton, Roseburg.

*Doyle L. Schiffman,* Deputy District Attorney, Roseburg, argued the cause for respondent. On the brief were Avery W. Thompson, District Attorney, and

Philip J. Washburn, Deputy District Attorney, Roseburg.

Before McAllister, Chief Justice, and Perry,* Goodwin, Lusk and Schwab, Justices.

McALLISTER, C. J.

The defendant was indicted in Douglas county of the crime of assault with a dangerous weapon, was found guilty by a jury, and was sentenced to the penitentiary for a term of 18 months. He contends on appeal only that the state failed to prove venue in Douglas county. We agree and reverse the conviction.

In *State v. Jones*, 240 Or 129, 400 P2d 524 (1965), we reaffirmed the rule found in earlier cases that although venue need not be proved directly, but may be inferred by the jury from all the evidence in the case, nevertheless, venue must be proved beyond a reasonable doubt. Venue is a material allegation of the indictment by virtue of Art. I, § 11, of our constitution, which guarantees the defendant a trial "in the county in which the offense shall have been committed."

There was evidence tending to prove that the defendant, in the yard of his own home, pointed a loaded rifle at a state policeman and threatened to shoot the officer. The officer had gone to defendant's home in response to a call from defendant's father-in-law, who reported that defendant had assaulted and injured defendant's wife. After some discussion between defendant and the officer, defendant agreed to take his wife to a hospital in Roseburg and to there surrender to the officer, which he did.

---

* Perry, J., did not participate in this decision.

The officer testified that he was on duty north of Roseburg in Douglas county when he was instructed to go to the police station in the city of Winston and meet defendant's father-in-law. The officer further testified that 15 minutes elapsed while he, in his car, followed the car driven by the father-in-law from Winston to defendant's home. He also testified that 25 minutes elapsed while he drove from defendant's home to the hospital at Roseburg. The defendant testified that he lived "about three-quarters of a mile past Porter Creek Store on 42."

■■ We think the above evidence is insufficient to prove venue beyond a reasonable doubt. If the jury had been informed of the distance from Winston to the nearest boundary of Douglas county, it could have inferred that the officer was still in Douglas county when he reached defendant's home. The location of the boundaries of Douglas county is not information of which jurors can take notice without proof thereof or a declaration by the court. *Rostad v. Portland Ry. etc. Co.*, 101 Or 569, 578, 201 P 184 (1921). If the court took judicial notice of any facts tending to establish venue, he failed to "declare such knowledge to the jury," as required by ORS 136.310.

The state relies on facts of which the trial judge could have taken judicial notice to supplement the evidence concerning venue. To adopt the state's theory would mean that all the other material allegations of the indictment must be proved to the satisfaction of the jury, while venue need be proved only to the satisfaction of the trial judge. We reject the proposal to so bifurcate the issues and adhere to the rule that the jury must find venue beyond a reasonable doubt.

The judgment of the lower court is reversed.