Argued April 29, affirmed May 7, petition for rehearing
denied June 2, 1970. Petition for review denied by
Supreme Court July 8, 1970

STATE OF OREGON, *Respondent, v.*
GARET A. LINDSEY, *Appellant.*
468 P2d 897

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

## PER CURIAM

The defendant was tried in Multnomah County by jury and convicted of the crime of forgery. Five blank checks were stolen from a Portland home some time prior to Labor Day of 1968, and after the rightful owner's signature had been forged they were filled in and cashed in a Portland department store shortly thereafter. Portland is in Multnomah County.

There was no evidence to connect the defendant with the actual theft or the actual uttering of the forged checks. However, two handwriting exemplars were obtained from the defendant, compared with the writing on the checks and it was determined that the same person wrote both. There was also evidence that around the time of the theft and the uttering of the forged checks the defendant was living in Portland.

Defendant's sole point on appeal is that the state did not prove beyond a reasonable doubt that the actual forgery was committed in Multnomah County where he was tried and convicted. This argument has no merit. It is clear that venue may be established by circumstantial evidence and inferred by the jury from all the facts in the case. *State v. Bowling*, 243 Or 344, 413 P2d 421 (1966); *State v. Cooksey*, 242 Or 250, 409 P2d 335 (1965); *State v. Jones*, 240 Or 129, 400 P2d 524 (1965). The rule and its underlying reasoning are well stated in 36 Am Jur2d 706-07, Forgery § 45, as follows:

"As a rule, a forger does not ply his trade in the

open, so eyewitnesses to his unlawful acts are rare. Thus it would seem to be essential, in order that justice may be done, that venue be established by proof of the facts and circumstances introduced in evidence from which venue may be fairly and reasonably inferred. Consequently, where there is evidence that a forged instrument was uttered in a given county, such evidence warrants a presumption or an inference, or constitutes prima facie evidence, that the forging was done in that county. In other words, a showing of defendant's possession or uttering of the forged instrument within the county will generally suffice to carry to the jury the issue of venue in a forgery case where the venue is laid in the county of such possession or uttering."

In addition to the authorities cited above, see *People v. Winthrop*, 88 Cal App 591, 264 P 263, 265 (1928); *Heard v. The State*, 121 Ga 138, 48 SE 905, 906 (1904); *Cole v. State*, 232 Md 111, 194 A2d 278, 281-82 (1962), cert den 375 US 980, 84 S Ct 503, 11 L Ed 2d 425 (1964) (applying rule despite evidence that defendant had been in other counties).

Affirmed.