*[489]
 
 TANZER, J.
 

 Defendant appeals from a conviction of first degree theft by deception arising from his purported sale of an antique automobile which had been awarded to his former wife by a dissolution decree. Although he testified that he made the sale as an agent for a third party to whom he gave the $18,000 proceeds, there was ample contrary evidence from which the jury could reasonably conclude that he retained the $18,000 for himself. The trial court sentenced him to five years in the penitentiary, but suspended execution of sentence on the condition that defendant make full restitution of the $18,000 within 90 days.
 

 Defendant’s first assignment of error is that the trial court erred in denying his motion for judgment of acquittal because the prosecution failed to prove venue. The Oregon Constitution, Art I, § 11, guarantees a criminal defendant a trial in the county in which the offense has been committed. Venue must be proved beyond a reasonable doubt, but it need not be proved directly and may be inferred by the jury from all the evidence in the case.
 
 State v. Cooksey,
 
 242 Or 250, 251, 409 P2d 335 (1965);
 
 State v. Jones,
 
 240 Or 129, 130-31, 400 P2d 524 (1965).
 

 The victim testified that he traveled to defendant’s residence to consummate the purchase of the automobile. He was accompanied by another person who testified:
 

 "Q Did you have occasion to accompany him [the victim] to Jackson County, Oregon, in order to purchase a vehicle?
 

 "A I went down with him on one particular trip, yes.
 

 "Q Was this on May 6th of last year [the date of the crime]?
 

 "A Yes.”
 

 This testimony is sufficient to establish venue and its weight is for the jury.
 

 Defendant’s second contention is that the trial court erred in denying defendant’s motion for a mistrial
 
 *[490]
 
 following the prosecutor’s remark, in response to a question from the court, that "at this time” defendant was charged with theft regarding only one vehicle. A motion for mistrial is addressed to the discretion of the trial court, which is in a better position than an appellate court to determine if the untoward event affected the verdict adversely to the movant.
 
 State v. Stanley,
 
 30 Or App 33, 566 P2d 193
 
 rev den
 
 (1977). The trial judge denied the motion because he thought the remark was not prejudicial. We cannot say as a matter of law that the impropriety was likely to have inhered in the verdict.
 

 Defendant’s third contention is that it was an abuse of discretion to require payment of $18,000 restitution within 90 days as a condition of probation. He does not challenge the restitution condition itself, or the amount, ORS 137.540(10), but contends that the time for repayment is so short as to make the condition impossible to perform. The trial court’s remarks indicate its belief that defendant retained the proceeds of the sale. In that case, defendant is capable of making repayment promptly and certainly within 90 days. The restitution condition reasonably served the purposes of probation, and the time period was appropriate, if not too lengthy, in light of defendant’s possession of the fruit of the crime.
 
 State v. Culbertson,
 
 29 Or App 363, 563 P2d 1224 (1977).
 

 Defendant urges that the 90-day term for restitution is inconsistent with the trial court’s finding that defendant was indigent for purposes of appointment of counsel and payment of the cost of the transcript on appeal. The finding of indigency indicates only that it granted defendant the benefit of the doubt in order to safeguard his constitutional rights; it does not vitiate the evidence that defendant illegally acquired $18,000. The finding of indigency for the narrow purpose of providing counsel and a transcript on appeal does not constrain the court’s discretion in imposing valid conditions of probation.
 

 Affirmed.