*[983]
 
 BUTTLE R, J.
 

 Defendant appeals his conviction under ORS 498.042(2),
 
 [1]
 
 waste of a game animal (elk), raising five assignments of error. The case was tried to the court without a jury, and at the conclusion of the state’s case, defendant moved for judgment of acquittal, contending,
 
 inter alia,
 
 that the state failed to prove venue in Josephine County. The trial judge denied the motion, defendant rested and the court found defendant guilty and entered judgment accordingly. Because of our disposition of the case, we consider only the state’s failure to establish proper venue.
 

 Venue is a material allegation of the complaint and must be proved beyond a reasonable doubt.
 
 State v. Jones,
 
 240 Or 129, 130, 400 P2d 524 (1965). The right of the defendant to be tried in the county in which the crime charged is committed is protected by both the Oregon Constitution
 
 [2]
 
 and by statute.
 
 [3]
 

 The only evidence relating to the situs of the crime charged was testimony by the investigating officer: "I contacted Mrs. Rogers at 1633 Lower Wolf Creek Road and she led me to a, a carcass of an elk that was just across the road from her property.” Another officer testified that a house, where defendant lived, searched pursuant to a search warrant, was located in Josephine County. But no element of the crime is alleged to have been committed at or near that residence, and there is no evidence relating the location of that house to the location of the elk carcass.
 

 
 *[984]
 
 While venue may be established by circumstantial evidence,
 
 State v. Ledder,
 
 31 Or App 487, 570 P2d 994 (1977);
 
 State v. Lindsey,
 
 2 Or App 503, 504, 468 P2d 897,
 
 rev den
 
 (1970), in this case there is no evidence other than as set forth above relating to the locus. In
 
 State v. Lindsey, supra,
 
 the defendant was convicted of forging a check in Multnomah County on the circumstantial evidence that he attempted to pass the forged check in Multnomah County. In
 
 State v. Jones,
 
 240 Or 129, 134-5, 400 P2d 524 (1965), testimony that an investigating officer had crossed into Union County, and had travelled on a certain road for a specified distance after doing so, in the course of locating the scene of the crime "was sufficient to support a finding by the jury that the crime was committed in Union County.” In
 
 State v. Ledder, supra,
 
 this court held that the testimony of one witness that he travelled with the victim to the defendant’s house in Jackson County to consummate an illegal sale of an automobile was "sufficient to establish venue and its weight is for the jury.”
 

 In this case, there is a total lack of evidence of the county in which the elk carcass was found. There is no testimony as to the county in which the officers were on duty when called to investigate the carcass; no testimony concerning how far they had driven, or whether they had crossed any county lines in order to reach the scene. The facts are analogous to
 
 State v. Cooksey,
 
 242 Or 250, 409 P2d 335 (1965), which involved testimony of an officer who, from the city of Winston in Douglas County, drove 15 minutes to defendant’s home, the site of the crime, and then drove 25 minutes to Roseburg, also in Douglas County. The evidence was that defendant lived "about % of a mile past Porter Creek Store on 42.” Without evidence of the distance from Winston to the nearest boundary of Douglas County it could not be inferred that the officer was still in Douglas County when he reached defendant’s home. On that record the court held that the evidence was "insufficient to prove venue beyond a
 
 *[985]
 
 reasonable doubt.” 242 Or at 252. We so hold in the case before us.
 

 The state, however, contends that the trial court could have taken judicial notice that 1633 Lower Wolf Creek Road, across from where the carcass was found, is in Josephine County, citing ORS 41.410(9).
 
 [4]
 
 Assuming, without deciding, that judicial notice of such a fact is permissible under the statute,
 
 [5]
 
 there is nothing in the record to indicate that the trial judge did so or that he was requested to do so. Had he been requested to do so, we do not know what his response would have been. If he took judicial notice, we see no reason why the record should be any less complete when the cause is tried to the court than when it is tried to a jury.
 

 In a jury trial, it is clear that the court must inform the jury of facts judicially noted, ORS 136.310,
 
 [6]
 

 State v. Jones, supra.
 
 While the underlying rationale for informing the jury of facts judicially noted is that defendant is entitled to have the facts submitted to the
 
 *[986]
 
 jury to determine his guilt or innocence, yet facts judicially noted are to be accepted by the jury "as conclusive.” ORS 136.310.
 
 [7]
 
 Whether trial is to the court or to a jury, the question as to whether the court could take judicial notice of a fact is the same on appeal; therefore, meaningful judicial review requires that the record show what facts were judicially noted. No less opportunity for meaningful review is to be afforded a defendant because he foregoes his right to a jury trial.
 

 For the foregoing reasons, we hold that there was a failure of proof that the crime charged took place in Josephine County, a material element of the complaint.
 

 Reversed.
 

 [1]
 

 ORS 498.042(2) provides:
 

 "No person shall waste any edible portion of any game mammal, game bird or game fish or the pelt of any fur-bearing mammal.”
 

 [2]
 

 Art I, § 11, Oregon Constitution provides, in part, that "[i]n all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed * *
 

 [3]
 

 ORS 131.305 provides that "* * * criminal actions shall be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred.”
 

 [4]
 

 Those provisions of ORS 41.410 which most lend themselves to authorizing judicial notice in this case are subparagraphs (2): "Whatever is established by law”; and (9) "The * * * geographical divisions * * * of the world.” Although it is true that the boundaries of Josephine County are set out in ORS 201.170, such knowledge is hardly sufficient to state with authority that 1633 Lower Wolf Road is
 
 within
 
 those boundaries.
 

 [5]
 

 Because of our disposition of this case, it is not necessary to decide this question, which encompasses some important issues. For example, aside from the question of whether ORS 41.410(9) encompasses this "fact,” may a trial judge take judicial notice of facts of which an appellate court may not? How much effort must a court expend in order to determine that a fact is of such "general notoriety” that it is assumed to be already known to the court, thereby obviating the necessity of adducing evidence thereof? To what extent is the taking of judicial notice mandatory? May the court take judicial notice of facts for the first time on appeal?
 
 (Compare Kepl v. Manzanita Corporation,
 
 246 Or 170, 424 P2d 674 (1967)
 
 with State v. Jones,
 
 240 Or 129, 400 P2d 524 (1965)).
 

 [6]
 

 ORS 136.310 provides:
 

 "All questions of law, including the admissibility of testimony, the facts preliminary to such admission and the construction of statutes and other writings and other rules of evidence shall be decided by the court. All discussions of law shall be addressed to it. Whenever the knowledge of the court is by statute made evidence of a fact, the court shall declare such knowledge to the jury, which is bound to accept it as conclusive.”
 

 [7]
 

 Whether the trial court may give a binding instruction with respect to a material element of the crime charged may be subject to dispute, even though the fact of which the court has taken judicial notice presumably is of such general notoriety that it is established beyond a reasonable doubt.