Argued and submitted September 15,
reversed and remanded December 15, 1980

STATE OF OREGON,
*Appellant,*

*v.*

HELEN HUFFMAN,
*Respondent.*

(No. 33379, CA 17751)

621 P2d 78

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Edward Brekke, Milwaukie, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

The state appeals the trial court's dismissal of the criminal complaint filed in this matter based on the trial court's conclusion that the citing police officer was without authority to issue the citation by service of the summons on defendant outside the jurisdiction of the officer's employment.

Defendant was served on March 5, 1980, at her residence in Lake Oswego, Oregon, by a Tigard city policeman, with a uniform traffic summons[1] which charged her with failing to perform the duties of a driver involved in an accident, ORS 483.604.[2] The state alleged that defendant inflicted property damage on another vehicle while driving her car in Tigard, Oregon, on December 12, 1979, and failed to provide the information required of a driver who collides with an unattended vehicle. There were no allegations that the city police officer observed the alleged offense and was pursuing defendant at the time of the citation.

On April 1, 1980, defendant appeared by counsel and entered a plea of "not guilty" to the charge. Thereafter, on April 7, she filed the motion to dismiss the complaint.[3] This appeal is from the trial court's ruling on the motion.

---

[1] ORS 484.180(1) provides:

"(1) An officer issuing the citation shall cause:

"(a) The summons to be delivered to the person cited; and

"(b) The complaint and abstract of court record to be delivered to the court."

[2] ORS 483.604 provides:

"(1) The driver of any vehicle which collides with any vehicle which is unattended immediately shall stop and:

"(a) Locate and notify the operator or owner of such vehicle of the name and address of the driver and owner of the vehicle striking the unattended vehicle; or

"(b) Leave in a conspicuous place in the vehicle struck a written notice giving the name and address of the driver and of the owner of the vehicle doing the striking and a statement of the circumstances thereof.

"* * * * *

"(3) A person who violates this section commits a Class A traffic infraction."

[3] Defendant may have submitted herself to the jurisdiction of the court by making a general appearance before filing her motion to dismiss the complaint on

The issue presented is whether a police officer may serve a traffic summons outside the jurisdiction of his employment for a major traffic offense committed within the jurisdiction of his employment.

Defendant relies on ORS 484.100 for her contention that the police officer was without authority to serve the summons. The state relies on ORS 133.310(1)(a) and ORS 133.235(2), contending that a police officer, empowered to issue a citation for a major traffic offense, may serve the summons outside the jurisdiction of the governmental unit which employed him. Alternatively, the state argues that even if the officer exceeded his authority, the remedy to be afforded defendant was evidentiary exclusion, not dismissal. We agree with the trial court's conclusion that the officer was without authority to serve the summons on defendant, but we agree with the state's contention that dismissal was an inappropriate remedy. Therefore, we reverse the trial court's dismissal of the complaint and remand.

ORS 484.100 embodies the traditional "bailiwick" rule that police officers are authorized only to act within the boundaries of the governmental unit employing them.[4] ORS 484.100 states:

"(1) *A police officer may* arrest or *issue a citation to a person for a traffic offense at any place within the jurisdictional authority of the governmental unit by which he is authorized to act.*

"(2) A police officer may arrest or issue a citation to a person for a traffic offense at a place outside the jurisdictional authority of the governmental unit by which he is authorized to act, if:

"(a) A traffic offense was committed in his presence at a place within the jurisdictional authority of the governmental unit; and

"(b) The officer immediately pursues the person who committed the offense; and

---

the grounds of improper service of the summons. This issue, however, was not raised by the state in the trial court nor on appeal and we decline to consider it. *State v. Hickman,* 273 Or 358, 540 P2d 1406 (1975).

[4] *See also* 16 McQuillin, Municipal Corporations 590, § 45.18 (3d ed 1979).

"(c)   The officer arrests or cites the person immediately upon the conclusion of a continuous pursuit." (Emphasis supplied.)

By this statute, only if a police officer is in "hot pursuit" may the officer issue a citation outside the jurisdiction of his employment.[5]

ORS 133.310 provides:

"(1)   A peace officer may arrest a person without a warrant if the officer has probable cause to believe that the person has committed:

"(a)   A felony, a Class A misdemeanor, an unclassified offense for which the maximum penalty allowed by law is equal to or greater than the maximum penalty allowed for a Class A misdemeanor, or a major traffic offense as defined in subsection (5) of ORS 484.010; or

"(b)   Any other offense in the officer's presence." [6]

ORS 133.235(2) provides:

"(2)   If the arrest is otherwise authorized under ORS 133.005 to 133.045, 133.075, 133.100 to 133.340 and 133.375, *a peace officer who is outside the jurisdiction of his employment may make an arrest without a warrant for an offense committed within the jurisdiction where he is present.* In so doing, the peace officer shall act with the same rights, privileges and immunities as are otherwise provided by law." (Emphasis supplied.)

The Commentary to the Proposed Oregon Criminal Procedure Code in regard to ORS 133.235 explains that:

"  *  *  *  *  *

"Subsection (2) is an effort to remedy the dilemma faced by a peace officer who makes or tries to make a probable cause warrantless arrest outside his own 'bailiwick' or jurisdiction of employment. For example, if a deputy sheriff who is employed by Douglas County, while

---

[5] ORS 484.100 predates a major revision of Oregon's vehicle code done in 1975. The commentary to the 1975 proposed code indicated that there was no intent to amend the authority of a police office to arrest or issue a citation as prescribed in ORS 484.100. Proposed Oregon Vehicle Code 117, Commentary, § 151 (1975).

[6] ORS 133.005(2) defines a "peace officer" as including a "municipal policeman."

ORS 484.010 defines a "major traffic offense" as including failing to perform the duties of a driver involved in an accident.

in Lane County, witnesses or otherwise has probable cause to believe that a crime has been committed in Lane County, can he make an arrest as a peace officer or is he acting as a private citizen? The proposal would give the officer the same authority to make the arrest as a peace officer as if the crime had been committed in Douglas County." Oregon Criminal Procedure Code 59, Commentary, § 106 (1972).

ORS 133.310 is concerned with the offenses for which an officer may make a warrantless arrest. ORS 133.235(2) is concerned with where and when an officer is authorized to make a warrantless arrest outside his own bailiwick. It allows an officer to make an arrest in another jurisdiction, but only for an offense committed in that jurisdiction. ORS 484.100 allows an officer to enforce the laws of the jurisdiction in which he is employed. None of these statutes confers on a peace officer authority to make arrests outside the jurisdiction in which he is employed for offenses committed inside the jurisdiction in which he is employed. This Tigard officer, therefore, was not empowered as a peace officer to serve a summons on defendant in Lake Oswego for an offense committed in Tigard.[7] Dismissal *of the complaint,* however, is not the proper remedy.

Reversed and remanded.

---

[7] *See also State v. Wallace,* 50 Ohio App 2d 78, 361 NE2d 516 (1976); *State v. Vanbarg,* 44 Ohio Misc. 11, 335 NE2d 765 (1975), where absent statutory authorization an arrest by municipal police officer outside the limits of the municipality in which he served was found to be unauthorized.