Argued and submitted April 26, reversed on appeal and on cross-appeal and remanded December 6, 1989, reconsideration denied January 19, petition for review denied March 27, 1990 (309 Or 522)

STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

RANDOLPH O'NEIL DUNN,
*Respondent - Cross-Appellant.*

(CR87-443; A49205)

783 P2d 29

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for appellant - cross-respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter Gartlan, Salem, argued the cause for respondent - cross-appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

The state appeals an order granting defendant's motion to suppress evidence seized during the execution of a search warrant. The issue is whether the affidavits show probable cause to believe that evidence of a vehicle theft operation would be found on defendant's property. Defendant cross-appeals from the denial of a demurrer to the indictment. We reverse on the appeal and on the cross-appeal.

State Police Officer Roberg submitted his affidavit for a search warrant for defendant's property in Yamhill County. He incorporated in that affidavit a second affidavit that he had submitted for a search warrant for Clifford Dunn's property in Clackamas County. Clifford is defendant's brother.

The extensive affidavits reflect that the investigation was initially directed at Clifford, whom the police suspected of operating a "chop shop" on his property, which involves dismantling stolen vehicles and exchanging parts, vehicle identification numbers (VIN) and license plates with other cars. Both affidavits were based in part on information supplied by an unnamed informant. The trial court found, and defendant concedes on appeal, that the informant's reliability and basis of knowledge were established. *See* ORS 133.545(4). Defendant also agrees that the affidavits establish probable cause to believe that Clifford was operating a "chop shop" on the Clackamas County property, that defendant was in possession of a stolen Ford Bronco II and that it had been seen on his property in Yamhill County. The trial court concluded that, although there was a basis to search for and seize the Ford, there was no connection shown between defendant and Clifford's illegal operation and, therefore, no basis to search for or seize evidence other than the Ford. Accordingly, the court suppressed all of the other evidence.

Defendant argues that, because the affidavits "failed to state probable cause to believe that defendant was running a chop shop on his property or that defendant was integrally involved in his brother's chop shop operation so that records, receipts and evidence of his brother's operation would probably be found on defendant's property," the court did not err. The state advances two arguments on that issue. The first is

that there was a sufficient connection shown between defendant and his brother's enterprise and the second is that even if the warrant should be limited to seizure of the Ford, it properly authorized the search of other buildings on defendant's property for records, license plates and other evidence relating to that vehicle. Because we agree with the state's first contention, we do not address the second.

In order to issue a search warrant, a magistrate must find that "on the basis of the record made * * *, there is probable cause to believe that the search will discover things specified in the application and subject to seizure." ORS 133.555(2). Probable cause means, in the context of ORS 133.555(2) and Article I, section 9, of the Oregon Constitution, that the facts on which the warrant is premised must lead a reasonable person to believe that seizable things will probably be found in the location to be searched. *State v. Anspach,* 298 Or 375, 692 P2d 602 (1984).

■  Information in the affidavits was to the effect that defendant and another individual had stolen a 1978 or 1979 white Chevrolet Monte Carlo and delivered it to Clifford's residence in Clackamas County. The car was later used by a woman who lived with Clifford; at that time it had on it the VIN and license plates from a blue Chevrolet Monte Carlo registered to Clifford and the woman at the Clackamas County address. The affidavits also disclosed that the Ford Bronco that defendant was driving had a license plate number that was from a 1970 Ford Maverick registered at defendant's address. Defendant had lived on the Clackamas County property at one time, but the date of that residency is not disclosed.

The affidavits establish that Clifford had a rather extensive operation involving stolen vehicles on his property. The fact that defendant had lived on his brother's property, had assisted in stealing a car for his brother to use in his operation and that defendant used a stolen car that had switched license plates is a sufficient basis for a reasonble magistrate to conclude that there probably was evidence of a "chop shop" operation, in addition to the stolen Ford, located on defendant's property in Yamhill County. The court erred in suppressing the evidence seized pursuant to the warrant.

■ ■  Defendant cross-appeals, ORS 138.040, contending that the court erred by denying a demurrer to two counts of

the sixteen-count indictment. He argues that neither of the two counts identifies the county in which the alleged crime occurred. The state moved to supplement the record and to dismiss the cross-appeal. It argues that it is moot, because a corrected indictment was returned after the cross-appeal was filed. However, an indictment is valid and may be the basis of a prosecution notwithstanding the existence of a separate indictment for the same offense. *State v. Rankin,* 21 Or App 721, 536 P2d 538 (1975); *State v. Mitchell,* 9 Or App 17, 495 P2d 1245 (1972). Consequently, the fact of a new indictment does not render an existing erroneous one moot.

ORS 132.550(5) requires that a multi-count indictment contain:

"A statement in each count that the offense charged therein was committed in a designated county."

The court erred in denying defendant's demurrer to counts 13 and 14 of the indictment. ORS 135.630(2).

Reversed on the appeal and on the cross-appeal and remanded.