Argued and submitted October 31, 1995, reversed May 15, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD LEROY PANEK,
*Appellant.*

(93-06-33869; CA A83327)

917 P2d 500

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant appeals from his conviction of attempted aggravated first degree theft by deception. ORS 164.015; ORS 164.057; ORS 164.085. He assigns error to the denial of his motion for acquittal, made at the end of the prosecution's case, in which he contended that the state had failed to prove that venue was in Multnomah County. We reverse.

Defendant suffered an on-the-job injury and was treated at a hospital in Portland, which is located in Multnomah County. He incurred medical charges in excess of $25,000. Defendant was self-employed and did not have workers' compensation coverage. However, he filed a claim with SAIF Corporation and subsequently informed SAIF personnel, in telephone conversations, that he was employed and that his employer was a noncomplying one under the Workers' Compensation Law. Therefore, SAIF would be initially responsible for the payment of defendant's medical bills. Apparently, SAIF paid some bills to parties other than the hospital before it discovered defendant's scheme. However, SAIF made the discovery in time to avoid making any payment to the hospital.

Defendant was charged in a two-count indictment with theft in the first degree and with the crime at issue here, arising, respectively, out of the actual payments that SAIF made to others and the attempt to have it pay the hospital. The motion for a judgment of acquittal was directed at both counts and was based on a failure of proof of venue in both instances. The trial court granted the motion as to the first count but denied it as to the second. Defendant argues that the latter ruling was erroneous.

ORS 131.305(1) provides:

"Except as otherwise provided in ORS 131.305 to 131.415, criminal actions shall be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred."

ORS 131.315 provides, in relevant part:

"(1) If conduct constituting elements of an offense or results constituting elements of an offense occur in two or

more counties, trial of the offense may be held in any of the counties concerned.

"* * * * *

"(7)   A person who commits theft, burglary or robbery may be tried in any county in which the person exerts control over the property that is the subject of the crime.

"(8)   If the offense is an attempt or solicitation to commit a crime, trial of the offense may be held in any county in which any act that is an element of the offense is committed."

Defendant's active criminal conduct consisted of filing the fraudulent "801" claim form and communicating with SAIF employees regarding the claim. There was some evidence from which it could be inferred that defendant lives and works in Portland. However, even assuming that to be true, that does not establish that an element of the criminal conduct occurred in Multnomah County. There was no evidence about where defendant prepared and filed the claim forms, or about where he or the SAIF employees were at the time that they spoke.[1]

The trial court concluded that venue was in Multnomah County, based on evidence that the hospital is located there, that SAIF requested and received billing and related information from the hospital, and that those actions in the county, although undertaken by SAIF and the hospital, were induced by defendant's false claim. The court explained:

"I don't think it makes any difference whether the defendant brought those bills to SAIF or SAIF, at the request of the defendant by initiating the claim, went ahead

---

[1] In addition to the absence of evidence concerning those matters, the colloquy on the motion for acquittal between the trial court and the prosecuting attorney indicates that the problem may not have been a simple failure to produce available *evidence* of provable facts. *Compare State v. Cervantes*, 319 Or 121, 873 P2d 316 (1994). Rather, the requisite facts for venue in Multnomah County may not have *existed*. The prosecutor informed the court that the SAIF employees were based in Marion County. Assuming that the claim form was received in Marion County or that the SAIF employees were there during the conversations, venue could have been established in that county. There was also evidence that defendant had made it known that he intended to stay temporarily in Vancouver, Washington and, according to the prosecutor, the telephone number that defendant left for SAIF employees to call "would probably be [in] Washington."

and did that on their own. I don't see where it makes any difference.

"They were only acting at the request of the defendant. They weren't acting on their own. Their theory, the State's theory is that the request of the defendant is to pay these bills and he was doing so unlawfully by misrepresenting his status as an employer-employee.

"So we know he received medical treatment in Multnomah County. The medical treatment, the receipt of medical treatment isn't a crime, but it certainly gives us a forum to start. The crime is asking, if any, SAIF to pay these bills or having, making the intent of this case to have SAIF pay those bills for services received in Multnomah County.

"We don't know where he communicated with SAIF. There was no evidence in the record that he contacted SAIF in Multnomah County. All we know is that he is asking SAIF, wherever they exist for the State of Oregon, to pay bills in Multnomah County for treatment he received in Multnomah County.

"I think it's enough, I think it's enough to make this remain a jury question. Motion's denied as to Count Two.

"* * * * *

"I may be wrong, and I certainly don't want to be wrong, but the bills — Emanuel Hospital, we know, is in Multnomah County. We know that the SAIF instigated payment procedures at the request of the defendant, according to the State's witnesses, that they requested the bills.

"That it's not the act of getting the medical treatment, but it's that which is the attempted acts of getting it paid for. I'm going to deny the motion. We'll still proceed on Count Two."[2]

Defendant contends, *inter alia*, that the trial court relied on the conduct in Multnomah County by entities other than defendant to establish venue, while ORS 131.305 and

---

[2] We have quoted from or summarized at length the trial judge's and the prosecutor's comments, because they shed considerable light on the circumstances, as well as demonstrating the basis for the court's conclusion.

the applicable provisions of ORS 131.315 contemplate criminal conduct by the defendant, rather than responsive investigative actions by the victim or others, to prove venue. In its principal argument, the state begins by noting that, under the statutes, the occurrence of "a result that is an element of the offense," as well as conduct constituting the offense, can give rise to venue. The state concludes:

> "[I]t is undisputed that the situs of the debt that defendant attempted to have SAIF pay was in Portland, Multnomah County. The payment of the debt would have been the occurrence that is the 'result' of the theft. Therefore, venue was proper in Multnomah County under ORS 131.315(7)."[3]

We might agree with the state's analysis if SAIF had paid the hospital, because, if that were the case, the result that would have elevated defendant's crime from an attempt to a consummated theft would have occurred in the county. However, we do not agree that either the facts that defendant's *objective* was to cause a result in Multnomah County, or that the occurrence there of the investigative efforts that led to the frustration of that objective, can establish venue in that county. There was no actual "result" in Multnomah County, within the meaning of ORS 131.315(1), and defendant did not exercise control of stolen property, pursuant to ORS 131.315(7), in that county or anywhere else. Defendant is guilty, if anything, of the attempted crime rather than the consummated one for the very reason that neither of those events occurred. Thus, the applicable provision here is ORS 131.315(8), which provides for venue in attempt cases "in any county in which any act that is an element of the offense is committed." The state failed to prove that any such act was committed in Multnomah County.

The state makes a number of other arguments in support of the contrary conclusion. It notes that the court reiterated in *State v. Cervantes*, 319 Or 121, 873 P2d 316 (1994), that circumstantial as well as direct evidence can suffice to prove venue. From that premise, which we agree is correct, the state reasons that a factfinder could infer from the facts

---

[3] Presumably, the state relies on ORS 131.305 and ORS 131.315(1) here, as well as on the subsection that it cites.

that defendant resides, works and was hospitalized in Portland and "that he was in Pcrtland when he made his attempt to induce SAIF to pay [his] bill." We do not agree that such an inference was permissible. In the absence of evidence linking them, there is no *per se* correlation between the location of one's home and work and the site of his or her criminal activities. *See State v. Hastings*, 31 Or App 981, 983, 571 P2d 1284 (1977). Furthermore, the location of the hospitalization has no independent probative significance. Defendant really was injured, and the hospitalization itself was not part of his deceitful conduct. It was his after-the-fact efforts to defraud SAIF into paying for the hospitalization that constituted the offense.

■      Finally, the state argues:

"[A]lthough many of the interviews regarding the claims took place over the telephone, which left [defendant's] location undisclosed, some of the in-person interviews took place in Portland."

The state cites two pages of the trial transcript for that proposition. The testimony it refers to is that of a Portland police officer, who related that he contacted and interviewed defendant in the police station for the purpose of investigating the crime after SAIF had reported it and four months after the indictment alleged that the crime was complete. We do not agree with the state that the evidence of that interview had any tendency to prove that the offense or any of its elements was committed in Multnomah County.

Reversed.