Argued and submitted March 28, affirmed August 29, 2001

# STATE OF OREGON,
*Respondent,*

*v.*

# FRANK ALFRED HUCKINS,
*Appellant.*

209815592; A105627

31 P3d 485

Andrew S. Chilton argued the cause and filed the brief for appellant.

Daniel J. Casey, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant appeals from convictions for Sodomy in the First Degree, ORS 163.405, and Sexual Abuse in the First Degree, ORS 163.427. He argues that the trial court erred in denying his motion to dismiss the indictment for failing to allege venue as to his convictions on Counts 2-5. In the alternative, he argues that we should grant his demurrer made on appeal. We affirm.

Defendant was charged with seven counts of sexually related crimes against his nieces, his nephew and another juvenile. The indictment's caption reads, "In the Circuit Court of the State of Oregon for Lane County." The indictment alleges as follows:

"The above named defendant is accused by the Lane County Grand Jury of the crimes of

"SEXUAL ABUSE IN THE FIRST DEGREE
"SODOMY IN THE FIRST DEGREE
"SEXUAL ABUSE IN THE FIRST DEGREE
"SEXUAL ABUSE IN THE FIRST DEGREE
"SEXUAL ABUSE IN THE FIRST DEGREE
"SEXUAL ABUSE IN THE FIRST DEGREE
"ATTEMPTED SODOMY IN THE FIRST DEGREE

"committed as follows:

"COUNT 1

"The defendant on or between December 22, 1991, and December 21, 1997, did unlawfully and knowingly subject [L. D.], with date of birth of December 22, 1983, to sexual contact; contrary to statute and against the peace and dignity of the State of Oregon;

"COUNT 2

"The defendant, on or between December 22, 1991, and December 21, 1995, in an act separate and distinct from that alleged in Count 1, in the county aforesaid, did unlawfully and knowingly have deviate sexual intercourse with [L. D.], with the date of birth of December 22, 1983; contrary to statute and against the peace and dignity of the State of Oregon;

## "COUNT 3

"The defendant, on or between March 20, 1991 and March 19, 1997, in the county aforesaid, did unlawfully and knowingly subject [R. D.], with date of birth of March 20, 1985, to sexual contact; contrary to statute and against the peace and dignity of the State of Oregon;

## "COUNT 4

"The defendant, on or between March 20, 1991, and March 19, 1997, in an act separate and distinct from that alleged in Count 3, in the county aforesaid, did unlawfully and knowingly subject [R. D.], with date of birth of March 20, 1985, to sexual contact; contrary to statute and against the peace and dignity of the State [o]f Oregon;

## "COUNT 5

"The defendant, on or between January 13, 1994, and January 13, 1998, in the county aforesaid, did unlawfully and knowingly subject [B. D.], with date of birth of January 13, 1988, to sexual contact; contrary to statute and against the peace and dignity of the State of Oregon;

## "COUNT 6

"The defendant, on or between January 13, 1994, and January 13, 1998, in an act separate and distinct from that alleged in Count 5, in the county aforesaid, did unlawfully and knowingly subject [B. D.], with date of birth of January 13, 1988, to sexual contact; contrary to statute and against the peace and dignity of the State of Oregon.

## "COUNT 7

"The defendant, on or between October 1, 1995, and October 31, 1995, in the county aforesaid, did unlawfully and knowingly attempt to engage in deviate sexual intercourse with [C. A.], with date of birth of June 16, 1984; contrary to statute and against the peace and dignity of the State of Oregon."

At the end of the indictment, it recites that it is "dated this 25th day of August, 1998, at Eugene, Lane County, Oregon," and the instrument is endorsed by a deputy district attorney, whose address is at the Lane County courthouse.

On the third day of trial, defendant made the following motion:

"Your Honor, at this time we move for dismissal of the indictment and a judgment of acquittal. The indictment is faulty in that it does not allege venue. It does not allege that the events occurred in Lane County. Count 1 makes no reference whatsoever to the county in which this is alleged to have occurred. Count 2 through 7 merely use the phrase 'in the aforementioned county.' The only reference to the County of Lane rests in the caption of the case and the heading. And under *State v. Emmons*, [55 Or 353, 106 P 451 (1910),] the caption and the heading of the summons is not—or of the indictment is not part of the indictment itself. There is no allegation these charges occurred in Lane County."

The trial court responded to defendant's motion, "All right. Count 1 is dismissed. I will deny the motion as to counts 2, 3, 4, 5, 6 and 7." Defendant was convicted on counts two through five and appeals from those convictions.

■ On appeal, defendant acknowledges that the proper procedure by which to challenge the sufficiency of an indictment is through a demurrer and not a motion to dismiss. ORS 135.630(2).[1] In this case, defendant sought to challenge the sufficiency of the indictment through a motion to dismiss. According to the state, the first time that defendant has demurred to the indictment is on appeal and, for that reason, the allegations of the indictment are to be liberally construed by this court in favor of the state. *State v. Goesser*, 203 Or 315, 325, 280 P2d 354 (1955). We are not persuaded by the state's argument. Although defendant mischaracterized his demurrer to the trial court as a motion to dismiss, the motion was the functional equivalent of a demurrer. Defendant's motion argued that the indictment failed to make the necessary allegation as required by ORS 132.550(5).[2] One of the

---

[1] ORS 135.630 provides, in part:

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"* * * * *

"(2) If the accusatory instrument is an indictment, that it does not conform to the requirements of ORS 132.510 to 132.560, 135.713, 135.715, 135.717 to 135.737, 135.740 and 135.743[.]"

[2] ORS 132.550 provides, in relevant part:

grounds for demurrer listed in ORS 133.360(2) is a failure to allege venue under ORS 132.550(5). Moreover, there is no suggestion in the record that the trial court was misled by defendant's mischaracterization of his challenge to the indictment. Consequently, we treat the trial court's denial of defendant's motion as the denial of a demurrer, and we review it accordingly for errors of law. *State v. Sharp*, 151 Or App 122, 124, 949 P2d 1230 (1997), *rev den* 326 Or 390 (1998).

■　An indictment is insufficient under ORS 135.630(4) if the facts stated therein do not constitute an offense. An allegation of venue in a "designated" county in an indictment is expressly required by ORS 132.550(5) and is a necessary element to be proved in a criminal prosecution pursuant to Article I, section 11, of the Oregon Constitution:

> "In all criminal prosecutions, the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed[.]"

If venue in a particular county is not alleged and proved, then the defendant is entitled to an acquittal. *State v. Cooksey*, 242 Or 250, 409 P2d 335 (1965).

■　Here, the allegations in counts two through five allege that the offenses charged in those accounts were committed in the "county aforesaid." The state argues, relying on *State v. Tauscher*, 227 Or 1, 360 P2d 764 (1961), *State v. Wilcox*, 216 Or 110, 337 P2d 797 (1959), and *State v. Jennings*, 131 Or 455, 282 P 560 (1929), that it is proper to examine both the preamble and the body of the indictment in determining whether an indictment adequately alleges all the elements of the charged crime. The state points to the caption of the indictment, which reads "In the Circuit Court of the State of Oregon for Lane County," and to the language "the above named defendant is accused by the Lane County grand jury," and argues that the language "in the county aforesaid" refers to the words "Lane County" in the caption

---

"The indictment shall contain substantially the following:

"* * * * *

"(5) A statement in each count that the offense charged therein was committed in a designated county[.]"

and the preamble. Consequently, the state concludes that the counts allege a designated county as required by ORS 132.550(5) because they incorporate by reference the words "Lane County" used in the earlier portions of the indictment. We agree with the assertion that counts two through five contain allegations of venue because of their incorporation by reference of the words "Lane County" into their language. This is particularly so because Count 1 does not make any allegation about venue. When read as a whole, the words "in the county aforesaid" could refer only to Lane County, the only county mentioned previously in the indictment. We hold that the indictment satisfies ORS 132.540's and ORS 132.550's requirements that each count contain a clear and understandable allegation of venue.

Defendant contends that we have held in two cases that incorporation by reference is not permitted in multiple-count indictments. He relies on *State v. Johnson,* 80 Or App 350, 722 P2d 1266 (1986), and *State v. Dunn,* 99 Or App 519, 783 P2d 29 (1989), *rev den* 309 Or 522 (1990). In *Johnson,* the defendant was charged in count one with carrying a dangerous weapon in violation of ORS 166.220, and was charged in count two with menacing in violation of ORS 163.190. In order to establish its case for carrying a dangerous weapon, the state was required to prove that the defendant carried or possessed a dangerous weapon with intent to use it unlawfully *against another person.* ORS 132.550(7) requires "a statement of the acts constituting the offense in ordinary and concise language." Count one omitted any allegation that the defendant had the intent to use the weapon against another, and did not purport to incorporate any other part of the indictment by reference.

The state argued in *Johnson* that the word "weapon" in count one, and other phrases that mirrored ORS 166.220, were sufficient in lieu of the missing allegation. Alternatively, it argued that count two contained facts from which it could be inferred that the state was alleging intent to use a dangerous weapon against another in count one. We disagreed with those arguments. We held that, "to require a defendant to search separately stated charges to determine the precise charge against him does not satisfy the requirement for a 'statement of the acts constituting the offense in

ordinary and concise language' that would 'enable a person of common understanding to know what is intended.'" *Johnson*, 80 Or App at 355 (quoting ORS 132.550(7)). The point of our holding was not that pleading by incorporation by reference in accusatory instruments is prohibited but that a criminal defendant is not required to infer a missing element from extrinsic material. Defendant's reliance on *Johnson* in this case is misplaced because unlike in *Johnson*, the counts here do not contain a missing allegation. Rather, a person of common understanding can know what is intended by the phrase "in the county aforesaid" by looking to the previous language in the indictment naming Lane County as the county.

*Dunn* is also distinguishable from this case. In *Dunn*, the defendant was charged with sixteen counts, alleging involvement in a stolen vehicle "chop shop." The charges included possession of stolen vehicles, unauthorized use of vehicles, trafficking in vehicles with altered identification numbers, and trafficking in stolen vehicles. Neither count 13 nor 14 identified the county in which the alleged crimes occurred, and the defendant demurred to those counts under ORS 132.550(5). Count one of that indictment contained an allegation of venue in Yamhill County. Counts 13 and 14 alleged crimes that were "a part of the same act or transaction contained in [the previous counts]." We held that the trial court erred under those circumstance when it denied the defendant's demurrer. Underlying that holding is the understanding that merely because conduct is part of the same act or transaction, it does not necessarily mean that all conduct comprising the transaction occurs in the same county. It could be that part of the conduct of a transaction could occur in one county and that the remainder of the conduct occurs in a different county. Here, the allegation is that the conduct occurred only in "the county aforesaid" or in Lane County. Consequently, there is not a missing allegation as existed in *Johnson* and *Dunn*. Rather, the incorporation by reference to the other parts of the indictment suffices to meet the requirements of ORS 132.550(5).

Affirmed.