No. 676 September 25, 2024 201

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

COLTON JAMES GERRY SARRIA,
*Defendant-Appellant.*

Union County Circuit Court
21CR41830, 22CR24774;
A180013 (Control), A180014

Thomas B. Powers, Judge.

Argued and submitted August 29, 2024.

Emma McDermott, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for one count of failure to appear, ORS 133.076, entered after a conditional guilty plea.[1] Before the plea, defendant moved to dismiss that charge, on the basis that, in defendant's view, the citation on which he had failed to appear was invalid because it had been "issued" by the court and not a "peace officer." *See* ORS 133.110 ("If an information or a complaint has been filed with the magistrate, * * * the magistrate shall issue a warrant of arrest. If the offense is subject to issuance of a criminal citation under ORS 133.055, the court may authorize a peace officer to issue and serve a criminal citation in lieu of arrest."). The trial court denied defendant's motion to dismiss on the merits and, on appeal, defendant assigns error to that ruling, asking this court to reverse the judgment of conviction and remand with instructions to the trial court to grant his motion to dismiss.

We do not reach the merits of defendant's statutory construction argument, because we affirm the trial court's ruling on an alternative ground. As the state correctly points out, defendant's motion to dismiss concerned the "the sufficiency of the state's anticipated proof" at trial, which is not a basis to dismiss a criminal case pretrial. *State v. Koenig*, 238 Or App 297, 306-07, 242 P3d 649 (2010), *rev den*, 349 Or 601 (2011) (although the state conceded error on appeal, concluding that the trial court did not err in denying a pretrial "motion to dismiss" where the motion concerned an "evidentiary matter," *i.e.*, whether the defendant "was 'lawfully directed' not to enter" a certain building); *State v. Weber*, 172 Or App 704, 714, 19 P3d 378 (2001) ("[W]e are unaware of any Oregon authority by which a pretrial 'motion to dismiss' can be employed to challenge the sufficiency of the state's anticipated proof of a charge."); *see also State v. Huffman*, 49 Or App 823, 826, 621 P2d 78 (1980) (dismissal of complaint inappropriate remedy when officer exceeded his authority in serving summons outside his jurisdiction).

---

[1] Defendant also appeals a judgment of conviction for one count of unlawfully purchasing a firearm, ORS 166.425, but he does not raise a challenge that conviction on appeal.

Relying on *State v. Huckins*, 176 Or App 276, 31 P3d 485 (2001), defendant contends that we can treat his motion to dismiss as a motion for a judgment of acquittal. In *Huckins*, the defendant, during trial, "moved for dismissal," challenging the sufficiency of the indictment. *Id.* at 281. The trial court denied that motion and, on appeal, we treated that denial as the denial of a demurrer, which was an appropriate motion for the defendant to have made to challenge the sufficiency of the indictment. *Id.*

The difficulty with defendant's reliance on *Huckins* is that, in *Huckins*, the defendant made a cognizable motion (a demurrer), which he mischaracterized as a motion to dismiss challenging the sufficiency of the indictment. In contrast, here, there was no cognizable motion to challenge pretrial a deficiency in the state's anticipated proof at trial. Indeed, in *Weber*, we recognized that to allow a "motion to dismiss" to be used pretrial to "challenge the sufficiency of the state's anticipated proof of a charge"—as defendant seeks to do here—would "contradict and subvert the principle expressed" in *State v. Reed,* 116 Or App 58, 840 P2d 723 (1992), that it is error for a trial court to sustain a defendant's demurrer on the basis of facts not alleged in the complaint. *Weber*, 172 Or App at 714; *Reed*, 116 Or App at 59 ("It was error for the trial court to consider facts that are not alleged in the complaint and to sustain defendant's demurrer on that basis.").[2]

Defendant also argues that his motion to dismiss "served the purposes of preservation" and that, therefore, we should reach the merits of his argument on appeal. The difficulty with that view is that defendant has not pointed to any authority that would have authorized the trial court to grant the relief that he sought and that he seeks on appeal—pretrial dismissal based on the state's anticipated proof at trial—and we do not understand the issue in this case to be merely one of preservation, but also one of a trial

_____

[2] Further, we note that recasting defendant's noncognizable motion to dismiss as a demurrer, as was done in *Huckins*, would not help defendant in this case. *Koenig*, 238 Or App at 307 n 8 (noting that "recasting" the defendant's noncognizable "motion to dismiss" as a demurrer, where the motion to dismiss was not a "facial challenge to the sufficiency of the charging instrument," would not help the defendant).

court's "pretrial ability to dismiss a criminal case." *Koenig*, 238 Or App at 306 (describing the issue of whether the trial court improperly denied the defendant's pretrial motion to dismiss as the trial court's "pretrial ability to dismiss a criminal case"); *see also State v. Couch*, 196 Or App 665, 679, 103 P3d 671 (2004), *aff'd*, 341 Or 610, 147 P3d 322 (2006) ("Defendant notes that the trial court based its decision on [facts not alleged in the information]. That is true. It also was error.").

Because we affirm the trial court's dismissal for that procedural reason, we express no opinion on the merits of defendant's statutory arguments related to the issuance of criminal citations.

Affirmed.