## THE CITY OF NORWICH *vs.* STORY AND OTHERS.

Where the charter of the city of N. conferred upon the court of common
council of said city power to lay out new highways, and to alter, extend or
enlarge any public highway within the limits of said city; it was held, that
the county court was not thereby divested of the jurisdiction over the same
subject conferred by the statute entitled "An act concerning highways and
bridges." [Rev. Stat. tit. 25. c. 2. § 297.]

THIS was a petition founded on the 29th section of the stat-
ute relating to highways and bridges, brought to the county
court in October, 1853, by Samuel Story and others, praying
for a new highway within the limits of the City of Norwich.

The respondents appeared and moved that the cause should be erased from the docket on the ground that the court had no jurisdiction. This motion was refused, and the court appointed a committee who made their report in June, 1855, laying out the highway prayed for.

By legal remove and continuance, the cause came to the term of the superior court holden in August, 1855, when the respondents remonstrated against the acceptance of the report of the committee. But the court over-ruled the remonstrance and accepted the report.

The respondents, by motion in error, then brought the record before this court, assigning for error, that the court below had no jurisdiction over the subject matter of said petition, because the highway lay wholly within the limits of said city of Norwich, and by the act amending the charter of said city, passed in 1836, sole and exclusive jurisdiction over highways within the limits of said city was conferred upon the court of common council.

The eleventh clause of said act is as follows :

" The court of common council of said city, shall have power and authority, as they shall judge needful, to lay out new highways, streets, public walks, public avenues, and public landing places in said city, and to alter, extend, or enlarge any highway, street, public walk, public avenue, or public landing place in said city, and to discontinue or exchange the same for other highways, streets, public walks, public avenues, or public landing places in said city, and to make and cause to be executed, all such orders, relating· thereto, as they shall judge proper."

*E. Perkins* and *Halsey*, in support of the motion.

1. The act amending the charter of the city of Norwich, passed in 1836, invested the court of common council with absolute discretion in the matter of laying out highways in said city, and provided peculiar modes of compensation, by assessing benefits. This act was inconsistent with and repealed the act under which the plaintiffs claim to proceed. The jurisdiction of the common council must be taken to

be exclusive. Otherwise we should have the selectmen of the town, the common council, and the superior court, each with full power over the same subject matter.

2. The jurisdiction of the superior. court, if it has jurisdiction, is concurrent, and not appellate. The same matter had previously been decided by the court of common council, which appears upon the face of the record. The form in which the readjudication was had, is not so important as the fact. *Webb* v. *Rocky Hill*, 21 Conn. R., 468.

*Foster* and *Wait*, contra.

1. The twenty-ninth section of the statute relating to highways and bridges, Rev. Stat., 591, gives jurisdiction in this case to the county court. To the superior court that jurisdiction now legally appertains.

The charter of the city of Norwich, as amended in 1836, was not intended to repeal or vary this section of the statutes. Even if it had so done, the re-enactment of this statute in the revision of 1848 revived it, and gave it force and authority paramount to any provisions of the city charter.

2. It is contrary to the policy of the law to give to one tribunal power to refuse action in a given case, without any right of appeal. This is especially true in applications to the authorities of a city, who might refuse to lay out a way, even when necessary, because it would increase their own pecuniary burdens.

HINMAN, J. This was an application originally brought to the county court by the plaintiffs, Story and others, inhabitants of the city of Norwich, praying that a new highway within the limits of the city, be laid out and established, for the special convenience of said city, under the 29th section of the statute relating to highways and bridges. Rev. Stat., p. 591.

The highway was established as prayed for, and the proceedings are admitted to be regular in point of form, but the claim is made on behalf of the city, that, by the act amending the city charter, which was passed in 1836, the court of common council of the city has the sole and exclusive

jurisdiction over the subject matter of highways within the city limits, and consequently that the county court, at the time the plaintiffs brought the suit, and the superior court since the county court was abolished, have no jurisdiction over the case, because they have none over its subject matter.

By the eleventh section of the amended city charter, the court of common council have power, as they shall judge needful, to lay out new highways, streets, public walks, public avenues, and public landing places in said city, and to alter, extend, or enlarge any highway, street, public walk, public avenue, or public landing place in said city, and to discontinue or exchange the same for other highways, streets, public walks, public avenues, or public landing places in said city, and to make, and cause to be executed, all such orders relative thereto as they shall judge proper; and the claim is that this section repealed the general statute, authorizing any inhabitant or inhabitants of a city or borough, whenever a new highway or common road is wanted within the limits of such city or borough, for the special convenience of the city or borough, to prefer a petition therefor to the county court. We suppose it is also involved in the claim, that not only the authority of the court to lay out highways for the special convenience of the city is taken away by the amended city charter, but the authority of the selectmen, and the court, to lay out and establish new highways which are of common convenience to the whole public, is also taken away within the city limits. Indeed the claim made in argument is, that the court of common council is invested with absolute discretion in respect to the laying out of highways, within the limits of the city. It is said that unless the jurisdiction of the common council is exclusive, we have the common council, the selectmen, and the superior court, each having full power over the same subject matter. This may be so, but we see nothing in the circumstance worthy of much consideration, as an argument in favor of an indirect repeal of the general statutes in respect to the laying out of highways. It appears to us quite obvious that the legislature did not intend

to take from the courts any jurisdiction over the subject, by conferring this power upon the common council. It is very common for different courts to have concurrent jurisdiction in respect to many subjects. It was so with the county and superior courts, before the county court was abolished. And we believe it was never claimed, that by merely conferring jurisdiction upon one court, which had formerly exclusively belonged to the other, the latter was divested of its jurisdiction, unless such an intention was clearly expressed.

We are of opinion, therefore, that there is no error in the judgment complained of.

In this opinion the other judges, ELLSWORTH and STORRS, concurred.

Judgment affirmed.