Argued January 24, affirmed March 7, 1922.

# SOUTHERN PACIFIC CO. v. ERICKSON.

(204 Pac. 942.)

**Evidence—Oral Promises, Made Before Execution of Written Instrument, not Considered.**

1.  In suit to enforce specific performance of a contract to convey a right of way to a railroad, where defendant executed a bond to convey the land, reciting that the railroad could build a grade, lay ties and rails, etc., oral promises, made by the plaintiff to the defendant before the execution of the bonds, to the effect that the railroad could build its track on piles, and that it would complete the road before a certain date, etc., *held* inadmissible, as varying a contract complete on its face, especially in the absence of fraud or mutual mistake in leaving out conditions and attempting to have the instrument reformed.

**Specific Performance—Allegation Held Sufficient to Admit Proof of Performance.**

2.  In action by railroad for specific performance of bond to convey a right of way, wherein defendant agreed to convey when the railroad had completed its line between certain points, allegation in complaint that plaintiff "fully and completely performed each and every covenant and agreement on their part to be kept and performed," was sufficient to admit proof that the railroad was constructed between the points required by the bond.

**Railroads—Obligation to Build Road Within Reasonable Time Implied.**

3.  Where bond to convey right of way to a railroad on its completing a line between certain points contained no stipulation as to the time within which the road should be constructed, the law imported into the contract a stipulation that it should be constructed within a reasonable time.

**Railroads—Delay in Building Road Held not Unreasonable.**

4.  Where bond to convey right of way to railroad, when it completed the construction of a railroad between certain points, stipulated no time within which the road should be constructed, the fact that the road was not completed for six years *held* not to indicate any unreasonable delay.

---

1.  Admissibility of parol evidence to show agreement between parties at time of execution of deed of land to railroad for right of way, see note in 17 **Ann. Cas.** 863.

Evidence—Common Knowledge That Railroads are Built on Borrowed
    Money Secured by Mortgages.

5. It is a matter of common knowledge that few railroads of any
considerable length are built, except on money borrowed for the
purpose and secured by mortgages on the road and right of way.

Evidence—Judicial Notice Taken of Location of Mountains and
    Towns.

6. Judicial notice will be taken that Buxton is on the east side
of the Coast Range Mountains and Tillamook on the west side, and
that the Coast Range is of considerable altitude and traversed by
streams and cut by canyons.

From Tillamook:   George R. Bagley, Judge.

Department 1.

This is a suit to enforce a specific contract to
convey real estate. The plaintiff declares on a bond
executed by defendant on October 23, 1906, wherein
it is recited that whereas the Pacific Railway and
Navigation Company desires to construct a line of
railway from Buxton in Washington County to
Tillamook in Tillamook County and whereas the
line as surveyed and located passes through the
lands of Paul Erickson (which lands are later
described in the bond), therefore in consideration
of the construction of such road and the sum of
one dollar Erickson agrees that the railway company
may enter upon his lands for the purpose of con-
structing the railway; that it may build a grade
thereon, lay ties and rails upon said grade and make
reasonable use of said lands for the purpose of secur-
ing materials for such grading; and that when the
railway line is constructed, Erickson for the con-
sideration before mentioned will convey to the railway
company a right of way one hundred feet wide,
being fifty feet on each side of the track of the
railway through the land of Erickson which is
described in the bond. It is alleged that within
a reasonable time and in compliance with the terms
and provisions of said contract the Pacific Railway

and Navigation Company constructed a line of railway over and across the lands of defendant; that on June 23, 1915, the company offered to pay to defendant the sum of one dollar, as specified in the bond, and demanded that he convey to it the strip of land included in the right of way; but the defendant failed and refused and still refuses to make such conveyance to said company or to its successor in interest, the plaintiff herein. The complaint avers that the Pacific Railway and Navigation Company and its successor, the Southern Pacific Company, have fully and completely performed each and every covenant and agreement on their part to be kept and performed other than the payment to the defendant of the sum of one dollar which has heretofore been tendered to the defendant and refused and which the plaintff brings into court for the defendant.

The defendant answered, admitting the execution of the bond, but denying generally the performance of the contract, and by way of a further and separate answer alleged that about the date of the execution of the bond the Pacific Railway and Navigation Company was negotiating with the defendant and other residents of Tillamook County, Oregon, and an agreement had been entered into by said company and various residents of Tillamook County by which the latter agreed to furnish the company a right of way for its railroad in consideration of the company's constructing and having in operation its railroad from Buxton in Washington County to Tillamook in Tillamook County on or before December 31, 1908, and that in order to carry out this agreement various residents of Tillamook County subscribed such sums as they severally agreed to pay for the purpose of furnishing money to purchase such right of way. The answer further states:

"That defendant was co-operating with said other citizens and agreed that instead of his paying any money to assist in purchasing said right of way, he would furnish a right of way for said railway over and across his said lands, all of which was well known to the said company, and its officers and representatives, and that so knowing the said company, through its officers and representatives, approached the defendant and as a further inducement for defendant to furnish a right of way for said railroad promised and represented to the defendant that said railroad should and would be constructed by said company on or before December 31, 1908, and that said road when constructed, should be constructed across defendant's said lands upon piling, and that the tract of said railroad would be elevated on piling a sufficient height so that stock running on defendant's lands might pass across the line of said right of way, and pasture thereon and that said right of way should not be fenced so that defendant would not be deprived of the use of his said lands which would be covered by said right of way, for purposes of pasturing, and that said use of said lands for said purposes was and is a valuable matter.

"That in consideration of all the foregoing representations and agreements, and not otherwise, the defendant executed the instrument set out in plaintiff's complaint.

"That said Pacific Railway and Navigation Company wholly failed and neglected to construct and have in operation its, or any line of railroad from Buxton, Washington County, Oregon, to Tillamook, Tillamook County, Oregon, on or before December 31, 1908, or for a long period of time thereafter, to wit, for a period of more than two years and that thereby said company failed, neglected and refused to furnish and give to defendant as a consideration for his undertaking to grant to said company a right of way for its railroad over his said lands.

"That when said company failed to have its line of railway as aforesaid constructed and in operation on or before December 31, 1908, the defendant notified said company that by reason of its failure in that behalf, defendant would refuse to execute a deed for said right of way to said company, that defendant would require the payment to him of the reasonable value of said lands covered by said right of way in the event said right of way should be used by said company, and the defendant thereafter, from time to time, demanded of said company that it pay defendant the reasonable value of said right of way, or to abandon the same, and that said demand was made not only of said company, but of the plaintiff herein, after plaintiff had taken possession and begun its use of said right of way.

"That said company afterwards constructed and operated over defendant's lands the line of railroad, but without the consent of this defendant; that said railway was constructed over defendant's lands upon piling, and the railway was so constructed that defendant's cattle could pasture on the lands covered by the right of way which the plaintiff is demanding to have conveyed to it; that said company, and the plaintiff, made no attempt to fence any right of way across defendant's lands for a long period of time, to wit, not until on or about the —— day of July, 1916, and they never interfered in any way with the defendant's use of his said lands for pasturage, or otherwise, except by the construction of said railway on piling as herein alleged, until on or about the —— day of September, 1915, when plaintiff began to make a fill along its said railway on defendant's lands, and since that time said company and the plaintiff have caused a large embankment to be built upon the line of its said railway over plaintiff's [defendant's] lands, covering a space along said railway of —— feet in width."

Then follow allegations to the effect that the plaintiff has been continously in possession of all

the land except that occupied by the embankment, ever since the execution of the bond. There was a prayer either that the suit be dismissed or that the court should proceed as upon condemnation and assess defendant's damages on account of the taking. The new matter was put at issue by a reply.

The cause came on for trial and findings and a decree was made and rendered in favor of plaintiff and substantially in accordance with the allegations of the complaint, from which decree the defendant appeals.                                    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. H. T. Botts.*

For respondent there was a brief over the names of *Mr. A. A. Hampson, Mr. Ben C. Dey, Mr. A. C. Spencer, Messrs. Johnson & Handley* and *Mr. W. A. Robbins,* with an oral argument by *Mr. Hampson.*

McBRIDE, J.—1. We cannot consider the alleged oral promises made by the plaintiff at the time or before the time the bond was executed. To do so would be to vary a contract complete on its face by introducing conditions which it did not contain when executed. This is especially the case where there is no charge of fraud or mutual mistake in leaving out certain conditions, and no attempt to have the instrument reformed in accordance with what is now claimed to have been the actual agreement of the parties.

2. The complaint alleges that plaintiff and its predecessor in interest "have fully and completely performed each and every covenant and agreement

on their part to be kept and performed," which is sufficient to admit proof that they constructed and completed the line of railroad from Buxton to Tillamook, as required by the bond.

3. As there was no stipulation as to the time within which such road should be constructed, the law imports into the contract a stipulation that it should be so constructed within a reasonable time.

4. The question of reasonable time is governed by the particular circumstances of each case. In those instances involving the construction of railways it is not uncommon for the projectors to procure contracts for right of way months and even years before the actual construction of the road, and in many instances it is almost the initial step.

5. It is a matter of common knowledge that few railroads of any considerable length are built except upon money borrowed for the purpose and secured by mortgages upon the road and right of way; therefore, the fact that the road was not completed within a few months or even until 1912 does not indicate any unreasonable delay.

6. We take judicial notice that Buxton is on the east side of the Coast Range Mountains and Tillamook on the west side, and that the Coast Range is of considerable altitude and traversed by streams and cut by canyons. These are geographical facts which everybody knows and of which courts cannot assume to be ignorant. In view of the distance to be covered and the difficulties to be overcome we should rather be inclined to say that the residents of Tillamook were fortunate in having the road constructed as soon as it was.

Another consideration is that there was no delay to the injury of defendant. Until the company

occupied the strip of land he had the same use of it that he had always had and was losing nothing by reason of having executed the bond. It will be observed that he never raised any question as to the delay of the company in building the road until the same had been completed. When Coates, the company's agent, asked him for a deed in 1908 he refused, not on the ground that there had been delay in the construction of the road but because Coates wanted his wife's signature to the deed and because a later survey by the county surveyor had disclosed the fact that a compliance with the bond would involve the conveyance of a little more land than he contemplated when he signed it. For these reasons he demanded $100 as a condition of the execution of the deed by himself and his wife. He was not asked for the kind of conveyance his bond called for and was entirely justified in his refusal to execute a joint deed with his wife. But knowing, as he then did, that the company was proceeding with the work of building the road, he gave no intimation of a disposition to rescind the contract. Under the circumstances shown, although the testimony is somewhat meager, we are not prepared to say that there was any unreasonable delay in the construction of the road.

The fact that after the road was built a fill to grade was substituted for piling across defendant's land was perhaps unexpected by him, although within the terms of the contract the company had a right to "build a grade thereon" and to take materials from the land for that purpose. He probably had in mind the idea that the trestle then proposed would be permanent, and is now naturally disappointed when this is supplanted by a fill which is a greater

obstruction. While we are of the opinion that he is legally and equitably bound to make the conveyance requested, in consideration of the fact last alluded to and of the further fact that a compliance with his bond involves a sacrifice on his part of more land than was supposed when the bond was executed, the decree will be affirmed without costs to either party.

AFFIRMED.

BURNETT, C. J., and RAND and HARRIS, JJ., concur.