Argued December 21, affirmed December 29, 1928.

## STATE *v.* W. C. DRAKE.

(272 Pac. 889.)

For appellant there was a brief and oral argument by *Mr. Dal M. King.*

For respondent there was a brief and oral argument by *Mr. J. B. Bedingfield.*

McBRIDE, J. This case comes here practically on exceptions to the action of the court in the matters above noted. We are of the opinion that, even omitting the testimony offered after the case was reopened, there was sufficient evidence to go the

jury to satisfy them that the defendant and prosecutrix were not husband and wife. The defendant answered to the name of W. C. Drake. The prosecutrix testified that her name was Charmain Knight; that she was of the age of fourteen years and that her family and defendant had lived near Powers for several years. It was also in evidence that the defendant was a man of fifty-two years of age. Statutes of this state make it impossible for a child under the age of fifteen years to marry under any circumstances and this fact taken in connection with the testimony of the prosecutrix as to her name and age would justify the jury in concluding that she was not married to the defendant. In fact, she could not be legally married to him. So independent of the ruling of the court allowing the case to be reopened to show this fact, there was sufficient evidence on that point to go to the jury. In addition to this, it may be remarked that the defendant testified that when he first went to the home of Mr. and Mrs. Knight he objected, on the ground of impropriety, to the prosecutrix sleeping in the same bedroom with him. In addition to this we think that the court clearly had the right, even if in testimony as to the nonmarriage of the parties nothing had been said as to the fact of the nonexistence of such relation, to reopen the case here when such omission had been discovered, and, before the case had been finally submitted to the jury, to allow such omission to be corrected. Such authority should be very carefully exercised. It would have been a failure of justice to have dismissed the defendant upon a mere technicality of this character where the evidence was clear as to his guilt. The same view obtains as to the proof of venue. There was not an entire absence of proof

in the first instance. It was shown that the alleged act was committed near Powers directly south of that town, at a distance of about two miles therefrom, and the court will take judicial notice that Powers is a postoffice town and is situated in Coos County, Oregon, and certainly the Circuit Courts of that county will take judicial notice of their boundaries: Citing *Southern Pacific Co.* v. *Erickson,* 103 Or. 311, 317 (204 Pac. 942); *Nicholas* v. *Yamhill County,* 102 Or. 615, 622 (192 Pac. 410, 203 Pac. 593); *Gager* v. *Henry,* 5 Sawy. 237 (Fed. Cas. No. 5172); *State* v. *Powers,* 25 Conn. 47, 50; *Harding* v. *Strong,* 42 Ill. 149 (89 Am. Dec. 415); *Indianapolis & Cincinatti R. R. Co.* v. *Case,* 15 Ind. 42.

■ We think there was no error in allowing the case to be reopened to introduce more formal testimony, although in our view it was to a great extent cumulative.      AFFIRMED.