Argued and submitted May 29, reversed December 9, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID ROLAND COFFEE,
*Appellant.*

(DA 421107; CA A70131)

843 P2d 505

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Rossman and De Muniz, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals his conviction for criminal trespass in the second degree. ORS 164.245. He assigns error to the trial court's denial of his motion for a judgment of acquittal. We view the evidence in the light most favorable to the state to determine whether the evidence is sufficient to permit a jury to find defendant guilty beyond a reasonable doubt, *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989), and reverse.

On May 16, 1990, Lloyd Center Security Director Dodge received a complaint that someone was picketing and causing a disturbance in the shopping mall. When he arrived in the walkway area between a bank and a store, he saw defendant carrying a sign, speaking in a loud voice and disrupting the normal flow of pedestrian traffic. Dodge asked him to leave. Defendant walked down the sidewalk, turned the corner and entered a different bank through a street door. Dodge and another security person followed him. When defendant saw them, he began yelling, "Uniformed bastards." When Dodge told him that he would have to leave, defendant moved to a closed teller area in the bank and yelled that the "uniformed bastards" had to get away from him. Dodge and other security officers placed him in custody and took him to the Lloyd Center Security Office to await the Portland police. Officer Moreschi advised defendant of his *Miranda* rights and then discussed the situation with him. Defendant admitted that, several years earlier, he had been told not to come back to Lloyd Center, but said that he thought he could return because of a recent court decision in another case.

The complaint charges criminal trespass in the second degree on the ground that defendant "unlawfully and knowingly enter[ed] upon the premises located at 2201 N.E. Lloyd Center, Portland, Oregon." He argues that there is no evidence in the record that he entered that location and no evidence that Dodge had any authority to act on the property that he entered. The state argues that a reasonable factfinder could infer that the walkway and the bank that defendant entered were within the shopping mall and that Dodge therefore had the authority to direct defendant to leave.

ORS 164.245(1) provides:

"A person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully in or upon premises."

"Enter or remain unlawfully" means:

"(a)   To enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so; or

"(b)   To fail to leave premises that are open to the public after being lawfully directed to do so by the person in charge." ORS 164.205(3).

The record contains evidence sufficient to show that defendant was not licensed or privileged to enter Lloyd Center. However, there is no evidence that defendant entered or remained in Lloyd Center. The state's evidence is that both banks and the store are located somewhere in or between the 1000 and 1400 blocks of Halsey Street at addresses different than the Lloyd Center and that the Lloyd Center Corporation does not own either bank or the store. There was testimony that the walkway where defendant was picketing is a public thoroughfare that connects 2 city streets and is sometimes used by people who are not Lloyd Center customers.

The trial court reasoned that the jury could infer that defendant was on Lloyd Center property and that Lloyd Center security personnel had the requisite authority simply from the fact that Dodge acted as if those things were true. It explained that this case is the same as if a Tri-Met official took custody of someone aboard a Tri-Met bus: No one would argue that the state would have to prove that the bus belongs to Tri-Met.

The analogy is fallacious. Evidence that a Tri-Met police officer took custody of a passenger on a bus bearing Tri-Met's logo would be evidence that Tri-Met owned the bus and that the officer had authority from Tri-Met. On the other hand, the mere proof of the exercise of claimed power cannot prove the existence of lawful authority.

*No* evidence *in this record*[1] shows who owned the property. There is no evidence that the areas were marked,

---

[1] Lloyd Center ownership of the areas might have seemed obvious to the jurors, some of whom probably have been there, but that does not relieve the state from making its case on the record.

posted or identified in any way as belonging to Lloyd Center. The only evidence that conceivably relates to ownership was Dodge's expressed subjective belief that the areas were part of Lloyd Center. The trial court expressly ruled that evidence admissible only to show Dodge's state of mind when he approached defendant.[2] Therefore, the trial court erred by denying defendant's motion for a judgment of acquittal.

Reversed.

---

[2] The validity of that ruling is not in issue.