Argued and submitted May 29, 1992, reversed March 3, reconsideration denied
May 26, petition for review pending 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# ANTONIO MENDOZA CERVANTES,
*Appellant.*

## (90CR2935; CA A68493)

848 P2d 118

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were David B. Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

Rossman, P. J., dissenting.

---

* Leeson, J., *vice* Joseph, C. J., retired.

**De MUNIZ, J.**

Defendant appeals his conviction for rape in the second degree. ORS 163.365(1). He contends that the court erred by denying his motion for judgment of acquittal, because the state failed to present sufficient evidence to establish venue in Coos County. ORS 136.445. We reverse.

Because defendant was convicted by a jury, we state the facts in the light most favorable to the state. *State v. McDonnell*, 313 Or 478, 480, 837 P2d 941 (1992); *State v. Kolbe*, 115 Or App 268, 270, 838 P2d 612 (1992). After an argument with her father, the 12-year-old victim ran away from home. She went to the home of another 12-year-old girl, who lives in the City of Coos Bay, to spend the night. Valdovinos and defendant, both of whom are adult males, were there. According to the victim, defendant was her "boyfriend." The next day, the victim, the other girl, Valdovinos and defendant went to the Pacific Empire Motel. The victim and the other girl got into the same bed, and the victim fell asleep. Defendant woke the victim up. He told her friend to move to the other bed. Defendant turned the victim over, so that she was lying on her back. He pulled down her pants and underwear and had sexual intercourse with her.

Later that night, Coos Bay Police Officers Mauer, Larsen and Bishop arrested defendant at the motel. At trial, Larsen testified that she and Mauer took defendant to the jail in Coquille. Afterwards, she and Mauer "came back to Coos Bay."

No witness, at any stage of the trial, testified that the Empire Pacific Motel or the City of Coos Bay is located in Coos County. Defendant moved for a judgment of acquittal on the ground that there was no evidence that the offense had occurred in Coos County. The state asked the court to take judicial notice that "the Pacific Empire Motel is in Coos Bay and Coos County." In the alternative, the state asked for permission to reopen its case so that it could present evidence of venue. The court denied the state's requests on the ground that there was sufficient evidence "for the jury to make a determination" that the crime occurred in Coos County.

■■ Venue is a material allegation that the state must prove beyond a reasonable doubt. Or Const, Art I, § 11; *State*

*v. Jones*, 240 Or 129, 130, 400 P2d 524 (1965); *State v. O'Neall*, 115 Or App 62, 65, 836 P2d 758, 314 Or 574 (1992). A jury may infer venue from circumstantial evidence. *State v. Miranda*, 309 Or 121, 130, 786 P2d 155, *cert den* 498 US 879, 111 S Ct 212 (1990); *State v. O'Neall, supra*, 115 Or App at 66.[1]

■ A court may take judicial notice of the county in which a town is located. *State v. Drake*, 127 Or 585, 589, 272 P 889 (1928); *State v. Casey*, 108 Or 386, 213 P 771 (1923). Accordingly, the court could have taken notice that the City of Coos Bay is located in Coos County, and it would have been required to instruct the jury in that regard.[2] *State v. Jones, supra*, 240 Or at 131-32; *State v. Hastings*, 31 Or App 981, 985, 571 P2d 1284 (1977). The court also had discretion to allow the state to reopen its case and establish venue. *State v. Eppers*, 138 Or 340, 346, 3 P2d 989 (1931), *reh'g den* 138 Or 354, 6 P2d 1086 (1932). However, the court refused to take judicial notice, and it refused to allow the state to reopen its case.[3]

■ The state concedes that there is no direct evidence of venue. The state contends that the jury could infer venue, because there was circumstantial evidence that the crime

---

[1] If the location where a crime was committed is not readily ascertainable, the constitution permits the state to charge a defendant in the county in which the defendant resides. ORS 131.325; *State v. Rose*, 117 Or App 270, 843 P2d 1005 (1992). However, this is not a case where venue is not readily ascertainable, and the state is not relieved of its burden to prove in which county the crime occurred.

[2] In general, judicial notice may be taken at any stage, including the appellate level. OEC 201(f). However, OEC 201(g)(2) provides:

"In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed in favor of the prosecution."

That rule embodies the principle that

"constitutional considerations outweigh the need to expedite proof of certain matters. A mandatory instruction on a fact judicially noticed effectively removes the issue from the jury's consideration. Judicial notice of an element of the prosecution's prima facie case would thus be contrary to the defendant's Sixth Amendment right to a jury trial." Commentary, Oregon Evidence Code, *reprinted in* Kirkpatrick, Oregon Evidence 61 (2d Ed 1989).

Although venue is not an element of the offense, it is an allegation that the state is required to prove. We are precluded from taking judicial notice that the City of Coos Bay is in Coos County, because there is no longer an opportunity for the jury to accept or reject that information. *State v. Jones, supra*, 240 Or at 131.

[3] The state may not challenge those rulings on appeal.

occurred in the City of Coos Bay. The officers involved in the investigation and arrest were Coos Bay police officers. Bishop testified that Mauer was assigned to the "district" in which the Empire Pacific Motel is located. *See State v. Kacalek*, 34 Or App 967, 580 P2d 205 (1978). After arresting defendant and taking him to jail, Larsen and Mauer "came back to Coos Bay." We agree that the jury could reasonably have inferred that the crime took place in the City of Coos Bay. However, there is nothing in the record that indicates that the City of Coos Bay is located in Coos County. We are unpersuaded that the jury could infer that Coos Bay is in Coos County merely because the two places have the same name. Siltcoos Beach, Siltcoos Lake and the town of Siltcoos all bear the name "Coos." Those places are just north of Coos Bay, but they are all located in Lane County. The mere coincidence that a city and a county bear a common name does not permit an inference that the city by that name lies within that county.[4]

■ ■ The state contends that the jury could have found that the crime occurred in Coos County, because "jurors carry into the courtroom some common knowledge of their surroundings." Individual jurors may have known that Coos Bay is in Coos County. We recognize that

> "[t]he minds of jurors are not empty tablets upon which the judges and lawyers record all of the data that the jury may use in deciding [a] case. [A] jury is permitted to use its store of accumulated experience and knowledge in deciding issues of fact." *Honeywell v. Sterling Furniture Co.*, 310 Or 206, 217, 797 P2d 1019 (1990) (Unis, J., concurring).

Jurors may be legitimately influenced by their "general knowledge and experience" in weighing evidence and in drawing inferences about that evidence. *Rostad v. Portland Ry.*, 101 Or 569, 578, 201 P 184 (1921). However, jurors may not use their personal knowledge as a substitute for evidence. *State v. Coffee*, 117 Or App 9, 12 n 1, 843 P2d 505 (1992). The state may not establish venue on the basis of "common knowledge" that a city is located in a particular county. *State v. Tirado*, 118 Or App 294, 846 P2d 1201 (1993).

---

[4] Oregon is replete with place names that match the names of counties other than the counties in which they are located. For example, there are two Lincoln, Oregons. One is located in Polk County, and the other is located in Jackson County.

Defendant was accused and convicted of committing a serious crime. The state had a commensurately serious obligation to prove every element of that offense and the county in which defendant committed the crime. The state failed to produce sufficient evidence that the crime occurred in Coos County, and the court refused to allow the state to correct its blunder.

The dissent would have us believe that

"venue does not have one single bit of significance in determining the actual guilt or innocence of defendant. It troubles me that this court builds on such insignificance and seizes on a microscopic technicality to reverse a trial court." 118 Or App at 436.

The constitutional requirement of venue is not a microscopic technicality. It is a material allegation that the state must prove beyond a reasonable doubt. If we were to relieve the state of that obligation, would we then be expected to relieve the state of its obligation to prove a similarly "insignificant" element of an offense?

We are loath to reverse defendant's conviction for lack of evidence that could have been supplied so easily. However, the jurors could only have speculated or used their personal knowledge that Coos Bay is in Coos County. The constitution does not permit either. Or Const, Art I, § 11.

Because we conclude that the court erred by denying defendant's motion, we need not address his remaining assignments.

Reversed.

**ROSSMAN, P. J.,** dissenting.

I cannot agree with the majority that the state failed to produce sufficient evidence of venue. Although there may not have been any direct proof of venue, I believe that a reasonable juror *could* have inferred from the evidence presented that the crime occurred in Coos County. That is all that is required under Oregon law. *State v. Miranda*, 309 Or 121, 130, 786 P2d 155 (1990); *State v. Cooksey*, 242 Or 250, 251, 409 P2d 335 (1965).

The majority concedes that the jury could have reasonably found that the crime took place in Coos Bay; indeed, the testimony of the arresting officers alone permits that inference. Other evidence from which the jury could have inferred that the crime was committed in Coos Bay was that the victim resides in Coos Bay and the investigating officers were Coos Bay police. Although there is no direct evidence that Coos Bay is situated within the geographical boundary of Coos County, the city and county do share the common name of Coos. I believe that a rational juror, relying on his own judgment and common sense, could infer from this that Coos Bay is located in Coos County. I am not saying that that is a *required* inference, only that it is a permissible one.

Although there are cities[1] with names that match the names of counties that they are not located in, that situation is, by an overwhelming margin, the exception rather than the rule.[2] *See* Oregon Blue Book, 1991-92. Indeed, where a city has a two-word name, and the first word of the name corresponds to the name of a county, in *every* case the city is situated in the county that the name matches.[3] Thus, I do not believe that these jurors needed to rely on their personal or common knowledge to resolve that Coos Bay is located in Coos County. *State v. Coffee*, 117 Or App 9, 12 n 1, 843 P2d 505 (1992); *State v. Tirado*, 118 Or App 294, 846 P2d 1201 (1993). That conclusion seems to me to be the common sense of the matter, "and common sense often makes good law." *Peak v. United States*, 353 US 43, 46, 77 S Ct 613, 1 L Ed 2d 631 (1957).

Surely, jurors are not required to leave their common sense behind them on the courthouse steps when reporting

---

[1] Although there are numerous mountains, lakes, landmarks and unincorporated townships with names that match the names of counties in which they are not located, it is extremely rare for that situation to occur between an incorporated city and a county.

[2] Baker City, Baker County; Columbia City, Columbia County; Coos Bay, Coos County; Hood River, Hood River County; Lincoln City, Lincoln County; Marion, Marion County; Jacksonville, Jackson County; Klamath Falls, Klamath County; Lakeview, Lake County; Union, Union County; Tillamook, Tillamook County; Umatilla, Umatilla County; Wallowa, Wallowa County; Yamhill, Yamhill County.

[3] Baker City, Baker County; Columbia City, Columbia County; Hood River, Hood River County; Lincoln City, Lincoln County; Coos Bay, Coos County; Klamath Falls, Klamath County.

for their fact finding duty, and common sense dictates that the good people who sat on this jury knew that the rape of this 12-year-old child occurred in Coos County. They were, after all, citizens of Coos County who reported for jury duty at the Coos County courthouse. Surely they knew where they were and where the crime was committed. It seems that only the majority has lost its way.

I recognize that venue can become a critical issue in a criminal prosecution. However, in this case, venue does not have one single bit of significance in determining the actual guilt or innocence of defendant. It troubles me that this court builds on such insignificance and seizes on a microscopic technicality to reverse a trial court.

I dissent.