## STATE OF OREGON,
*Respondent,*

*v.*

## DANIEL CLIFTON POST,
*Appellant.*

(92-05-32699; CA A77557)

868 P2d 1366

David K. Allen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janie M. Burcart, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor

General and Janie M. Burcart, Assistant Attorney General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Defendant appeals his conviction for delivery of a controlled substance, marijuana, to a minor. ORS 475.995(2).[1] We affirm.

■ ■ Defendant contends that the trial court erred in denying his motion for a judgment of acquittal, because the state failed to present sufficient evidence to establish venue[2] in Multnomah County. In reviewing the sufficiency of the evidence,

> " 'the relevant question is whether, after viewing the evidence in the light most favorable to the state, *any rational trier of fact* could have found the essential elements of the crime [plus venue] beyond a reasonable doubt.' " *State v. Jost/Oregon-Washington Recovery Co., Inc.*, 122 Or App 531, 533 n 1, 858 P2d 881 (1993), *quoting State v. King*, 307 Or 332, 339, 768 P2d 391 (1989). (Emphasis and brackets in original.)

The record of the trial court proceedings consists of a written transcription of a tape recording. The transcript recounts that the involved minor testified that defendant gave him marijuana while the two were walking on a street in Portland. The prosecutor then specifically asked the minor if Portland was located in Multnomah County; his answer was noted as "inaudible." Defendant argues that, because the minor's answer could not be discerned from the audio tape of the testimony, the state failed to establish that Portland is within the territorial boundaries of Multnomah County. Relying on *State v. Cervantes, supra* n 2, in which we held that the state had failed to establish venue in Coos County when the evidence demonstrated only that the offense occurred in the city of Coos Bay, defendant concludes that the state in this case failed to prove that venue was proper in Multnomah County. That is incorrect.

Defendant claims that the inability of the transcriber to ascertain from the tape recording the minor's answer to

---

[1] Defendant also was convicted of public indecency. ORS 163.465. He does not appeal that conviction.

[2] Although venue is not an element of the offense, it is a material allegation that the state is required to prove beyond a reasonable doubt. *State v. Cervantes*, 118 Or App 429, 432 n 2, 848 P2d 118, *rev allowed* 317 Or 485 (1993).

the prosecution's question requires a reversal of his conviction. He does not argue that the minor was unable to answer the prosecution's question or that the minor responded in the negative. Indeed, according to the trial judge, the minor responded affirmatively. In denying defendant's motion for a judgment of acquittal, the judge said:

"* * * I try and make little asterisks in the margin of my notes when each of the elements has been testified to, *especially venue, because that one tends to slip by*. But I did note — I have in my notes that [the minor,] as to both incidents of obtaining marijuana from the defendant,[3] both *when he said it was given to him* and when he said he took [it], *he testified as to both that they were both in Multnomah County.* Not in the same sentence. *He said Multnomah County was the first one when asked,* and as to the second, he gave the address and was also asked and said specifically that it was in Multnomah County." (Emphasis supplied.)

The judge's comments are based on her memory and her trial notes.[4] Her remarks demonstrate that she was acutely aware of the venue requirement and that she understood the minor's response as an acknowledgement that Portland is within Multnomah County. Although the minor's answer may not have been heard by the recording device, the judge heard and understood the minor's testimony. Her understanding of the testimony is not challenged. The court properly denied defendant's motion for a judgment of acquittal.

Affirmed.

---

[3] Defendant was charged with two counts of delivering marijuana to a minor. The circumstances of the second count involved the minor taking marijuana from defendant's apartment without defendant's knowledge or consent. The court granted defendant's motion for judgment of acquittal on that count, reasoning that defendant did not give or otherwise deliver the marijuana to the minor.

[4] The transcript confirms the accuracy of the judge's memory and notes with regard to the second count of delivering marijuana to the minor:

"[Prosecutor:] The second time you say you got [the marijuana] from [defendant] you took it off the dresser you say?

"[Witness:] Yeah.

"Q. Where was that at?

"A. In his apartment.

"Q. Where's his apartment located at that time?

"A. 122nd and Market. I don't know the exact address.

"Q. So that was in Multnomah County?

"A. Yeah."