Argued and submitted April 30, reversed in part; otherwise affirmed July 16, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES SCOTT DAVISON,
*Appellant.*

00CR1404, 00CR1987;
A112866 (Control), A112867
(Cases Consolidated)

72 P3d 681

Rebecca Duncan, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Christina M. Hutchins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of criminal trespass in the second degree, ORS 164.245, and failure to appear in the second degree, ORS 162.195. Defendant challenges only his second-degree criminal trespass conviction. He argues that the trial court should have granted his motion for judgment of acquittal.

After defendant was arrested in connection with a dispute with his former spouse, Roxanne, defendant signed a conditional release agreement, stating that he would have no contact with 324 N. Ackerman, apartment A10, Coos Bay. That apartment is where Roxanne lived. A few months after signing the agreement, defendant went to the apartment complex to deliver some of his son's belongings, as requested by Roxanne. Defendant stayed in the parking lot and was at least five feet away from the entrance to apartment A10. However, defendant was charged with second-degree criminal trespass, and the information alleged that he knowingly entered and remained unlawfully in and upon the premises located at apartment A10.

In his motion for judgment of acquittal, defendant argued that there was no evidence that defendant entered, let alone remained in, apartment A10 and, thus, the state did not prove an essential element of its case. *See State v. Coffee*, 117 Or App 9, 843 P2d 505 (1992). At oral argument the state conceded error, and we find that concession to be well founded.

Conviction for second-degree criminal trespass reversed; otherwise affirmed.