STATE OF NEBRASKA, APPELLEE, v. GENE PINKERTON, JR., APPELLANT.

182 N. W. 2d 198

Filed December 23, 1970. No. 37525.

Padley & Dudden, for appellant.

Walter R. Mullikin, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant, Gene Pinkerton, Jr., a boy 15 years of age, was convicted of petit larceny and committed to the custody of the Department of Public Institutions. His appeal questions only the right of the trial court to commit him to the custody of the Department of Public Institutions instead of imposing the penalty prescribed by section 28-512, R. R. S. 1943.

The prosecution was commenced by a complaint filed in the police court of the city of North Platte, Nebraska. The defendant was found guilty and appealed to the district court. There the complaint was amended with the consent of the defendant to charge a violation of section 28-512, R. R. S. 1943. The jury found the defendant guilty. At the time of sentencing the record shows the trial court found the defendant to be a delinquent child as defined in section 43-201, R. R. S. 1943, which finding was to be an adjudication as provided in section 43-206.03, R. R. S. 1943; and that the defendant should be committed to the custody of the Department of Public Institutions and delivered by the sheriff to the Boys' Training School near Kearney, Nebraska.

The defendant contends that the trial court had no right to impose any penalty other than that prescribed by section 28-512, R. R. S. 1943, the statute under which he was prosecuted. That statute authorizes imprisonment in the county jail for not more than 6 months or a fine of not more than $500, or both, for first-offense petit larceny. The defendant argues that the sentence is excessive because he might be held at the Boys' Train-

ing School for a matter of years whereas an adult person could not be imprisoned in the county jail for more than 6 months for the same offense.

The procedure which was followed in this case is not specifically authorized by any statute of this state. However, it is unnecessary to determine in this case whether the commitment was valid under the Juvenile Court Act because commitment of the defendant to the Boys' Training School is specifically authorized under section 83-465, R. S. Supp., 1969.

It has been the policy in this state, at least since 1879, to authorize special treatment for juvenile offenders. Although prosecuting officers have a discretion as to whether to proceed against juvenile offenders directly under the criminal statutes or under the Juvenile Court Act, the Legislature has provided that in either case a child under the age of 18 may be committed to the Boys' Training School. See Lingo v. Hann, 161 Neb. 67, 71 N. W. 2d 716. Section 83-465, R. S. Supp., 1969, provides that when a boy of sane mind under the age of 18 years, has been found guilty of any crime, except murder or manslaughter, in any court of record, the court may order that the boy be committed to the Boys' Training School. It was within the discretion of the district court to commit the defendant in this case to the Boys' Training School.

A commitment to the Boys' Training School is not for a definite period. § 83-472, R. S. Supp., 1969; Cohen v. Clark, 107 Neb. 849, 187 N. W. 120. See, also, 43 C. J. S., Infants, § 100b, p. 261; 47 Am. Jur. 2d, Juvenile Courts, etc., § 33, p. 1011. The theory of the law is that commitment to the Boys' Training School is not punishment but is the furnishing of protection, care, and training by the State as a substitution for parental authority. The object is reformation, not incarceration for a fixed period. The defendant has cited no authority which supports his contention that the commitment is illegal, and we find the contention is without merit.

The judgment of the district court is affirmed.

AFFIRMED.