507 P.2d 401 (1973)
IN THE MATTER OF DION ARTHUR WELCH, a Child of the Age of 13 Years.
STATE ex rel. Juvenile Department of Coos County, Respondent,
v.
Dion Arthur WELCH, a Child, Appellant.
Court of Appeals of Oregon.
Argued on Rehearing December 21, 1972.
Decided March 12, 1973.
Elden M. Rosenthal, Portland, argued the cause for appellant. On the brief were Pozzi, Wilson & Atchison and Garry L. Kahn, Portland.
Robert E. Brasch, Dist. Atty., Coquille, argued the cause for respondent. With him on the brief was Richard L. Barron, Asst. Dist. Atty., Coquille.
Before SCHWAB, C.J., and LANGTRY, FOLEY, FORT and THORNTON, JJ.
FOLEY, Judge.
Former opinion adhered to except as herein modified.
We realize that recognition by this court of the requirement that a waiver of rights by a juvenile must appear in the record will in some instances place further burdens on juvenile courts. In our original opinion we held that the child must be *402 apprised of and understand the legal consequences of his admission of jurisdiction. We point out that this inquiry into the knowing and voluntary nature of the admission of jurisdiction will and should vary depending on the circumstances of the case, the age and intelligence of the child, as well as other factors which we decline to attempt to enumerate. As we said in Raisley v. Sullivan, 8 Or. App. 332, 336, 493 P.2d 745, 747, Sup.Ct. review denied (1972):
"* * * [W]e decline to impose a rigid formula on our own courts. The judge who accepts a guilty plea must have sufficient latitude to tailor his questions to the needs of the defendant before him.
"* * * [T]he record must contain an affirmative showing of the voluntariness of the plea." (Emphasis omitted.)
Rather than reverse we remand this case for further proceedings. Our former opinion held that the record did not disclose a knowing and voluntary waiver of rights. It may be that additional evidence would disclose a knowing and voluntary waiver. If so, the entry of the plea was valid. If not, the plea itself must be set aside for further proceedings consistent with this and our former opinion.
The assignment of error that the court abused its discretion in placing the child in MacLaren we find to be without merit.
Former opinion adhered to as modified. Remanded for further proceedings.
FORT, Judge (concurring).
In addition to the due process problems this case presents in the context of the Fifth and Fourteenth Amendments, there is also directly involved a Sixth Amendment question concerning not the right to but the adequacy of counsel.
Examination of the record here shows the child was represented by privately retained counsel. In effect, as appellant here would have us do, to presume from a record silent as to certain rights that highly qualified and experienced counsel have so failed in the discharge of their professional responsibility to a client as to justify an appellate court in concluding that as a matter of law they had failed to advise their client of such rights as confrontation, cross-examination or others constitutionally guaranteed is neither constitutionally required nor warranted as a matter of court policy nor pursuant to legislative enactment.
The record here shows a most diligent exploration of and insistence upon the rights of the child by his counsel from the beginning of the case to the time of judgment. Not only were a number of motions filed, argued, considered and ruled upon prior to the entry of the plea, but these were frequently conducted in open court in the presence of the child and his parents. Such diligent representation occupied more than four months of time prior to the judgment, and more than three prior to the admission by the boy of the charges in the amended petition.
McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), makes it clear that the beacon light which guides the judge in determining whether or not the constitutional rights of a child in the adjudicative phase of a juvenile court proceeding under ORS 419.476(1)(a) have been met is that of fundamental fairness.
Essentially, then, it seems to me, the question remains, whether, under concepts of fundamental fairness, this child and his parents were apprised of those rights which the law requires before a court can conclude that his waiver thereof was a voluntary and knowing one.
What transpired here is that as a result of plea bargaining following lengthy negotiations between counsel, the child and his parents agreed to enter of record his admission of the facts set out in the amended petition. Both counsel expressly agreed in open court in the presence and with the expressed agreement of both parents and child not only that those allegations charged murder in the second degree but that as a result of the proceedings, set forth in the *403 previous opinion, the court had jurisdiction to proceed to the dispositional stage.
We know that following the preparation and filing of the social history and the recommendation to the judge by the state, through its court juvenile staff, for commitment to the Children's Farm Home, the trial judge rejected that recommendation and imposed judgment requiring commitment to the Corrections Division for placement at the MacLaren School for Boys, the state training school for boys. No claim is made of any violation by the state of the plea bargain.
No request to withdraw the plea was made at any time prior to the imposition of judgment. The challenge to the adjudicative procedures thus comes only by way of appeal from the disposition adjudged.
In Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court strongly approved of "plea bargaining," stating:
"Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. * * *
"However, all of these considerations presuppose fairness in securing agreement between an accused and a prosecutor. * * *
"This phase of the process of criminal justice and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. * * *" 404 U.S. at 261-262, 92 S.Ct. at 498.
The court then remanded the case to the state court to consider "whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty." 404 U.S. at 263, 92 S.Ct. at 499.
More recently in Dukes v. Warden, 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45 (1972), the court considered the nature of alleged inadequate or improper representation of a criminal defendant by his attorney in connection with entry of a plea of guilty. There the defendant had sought to withdraw his plea prior to sentence after he had employed new counsel. The trial court denied his request and imposed judgment. Later he sought habeas corpus alleging a conflict of interest on the part of the attorney who had represented him at the time of plea. He had made no such claim at the time he sought to change his plea nor at the time of sentence. The Supreme Court upheld denial of the writ. In his concurring opinion Mr. Justice Stewart pointed out:
"Thus I agree with the Court that the petitioner's claim should be evaluated under the standards governing an attack on a guilty plea made after judgment, not under the far different standards governing a motion to withdraw a plea made before judgment has been pronounced. I also agree with the Court that, evaluated under the former standards, the petitioner's claim of involuntariness attributable to his counsel's conflict-of-interest lacks merit." 406 U.S. at 258, 92 S.Ct. at 1555.
Against this background, including the careful and diligent representation of the child by able and experienced private counsel throughout, I agree that in this attack made after judgment the fundamental fairness to which the child is entitled requires only that this matter be remanded to the trial court in order to permit it to take testimony to determine whether or not there was the knowing voluntary waiver of each of the rights guaranteed the child under the Constitution, including his Sixth Amendment right to adequate representation by counsel.
LANGTRY, J., joins in this concurring opinion.