Argued and submitted October 7, 1988, reversed and remanded for a new hearing
March 22, 1989

In the Matter of Kenneth L. Clements,
a Male Child.

STATE ex rel JUVENILE DEPARTMENT OF
COOS COUNTY et al,
*Respondents,*

*v.*

CLEMENTS,
*Appellant.*

(J-2682; CA A47657)

770 P2d 937

Kent W. Day, North Bend, argued the cause and submitted the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This is an appeal from an order of the juvenile court committing the child to the custody of Children's Services Division. The court found the child to be within its jurisdiction based on his admission that he was a runaway and had committed the act of unauthorized use of a motor vehicle, which, if committed by an adult, would be a crime. ORS 164.135. On appeal, the child argues that the court erred in accepting the admission of unauthorized use of a motor vehicle without first obtaining from the child an adequate waiver of his constitutional rights and in refusing to permit withdrawal of that admission despite the fact that he did not fully understand his rights, the nature of the charge against him or the consequences of his admission.[1] We reverse and remand.

At the commencement of the proceeding, the child was unrepresented by counsel. The juvenile court advised him of his right to an attorney and the advantages of having one. It also informed him, in language appropriate for a 14-year old, that, by admitting the allegations made against him, he would waive the rights of confrontation, self-incrimination and cross-examination, as well as the right to a trial before a judge. It did *not* inform him that, if he requested a jurisdictional hearing,[2] the state would be required to prove the criminal allegation beyond a reasonable doubt. It also failed to explain the maximum penalty that he could receive if he admitted the charge.[3]

---

[1] Given our view of the case, we need not reach the child's second assignment of error.

[2] A jurisdictional hearing on a charge which would be a criminal charge against an adult is the juvenile system's counterpart to a trial to determine guilt or innocence.

[3] The juvenile court advised the child:

"THE COURT: Okay. You have a right to an attorney. If you can't afford to hire one, one would be appointed to represent you. The attorney is to fully explain to you all of the rights; all of the charges here; to explain to you that the State would have to prove you were riding in the vehicle without the consent of the owner.

"* * * * *

"The attorney would assist you, tell you what the State has to prove; tell you whether you should or should not testify. Of course, he is legally trained and you are not. He would explain to you whether there were some negotiations that you could enter into; make any statements on your behalf; makes sure that the Court and the State are proceeding properly.

"Also, if you admit to these you are giving up your right to have a trial in front

In his first assignment of error, the child argues that, to be effective, his waiver of constitutional rights must have been knowing, understanding and voluntary. That was not the case, he asserts, because the court failed to inform him either that he could require the state to prove its allegations beyond a reasonable doubt or that, if he admitted the allegations, he could be committed until age 21. He contends that the insufficiency of the court's advice made his admission and waiver ineffective under the due process clause of the Fourteenth Amendment.

The state concedes that the court did not advise the child of the state's burden of proof or of the maximum penalty that could be imposed on him if he admitted the "unauthorized use" charge. It argues, however, that the court must be given some leeway to explain constitutional rights in a fashion understandable to a juvenile. According to the state, by advising the child that one of the allegations made against him was

---

of a judge, who would determine whether or not these things are true. The State would call witnesses who would testify in front of you as to why they thought you violated the law, one, and also on these other matters of runaway and needing the services of an agency.

"You could testify at that hearing, but you wouldn't be required to and your silence wouldn't be used against you in any way.

"By admitting here, you would be admitting one crime. Of course, the attorney or you could ask the people that testified any questions that you wanted to.

"Do you understand what I have explained?

"MR. CLEMENTS:   Yeah.

"THE COURT:   All right. It is my understanding that you want to give those rights up and admit here today, is that correct?

"MR. CLEMENTS:   (Nodding head.)

"THE COURT:   Do you have any objection to that, Mrs. Metz?

"MRS. METZ [the child's mother]:   No.

"THE COURT:   All right. I have read the allegations to you. There is only one crime.

"* * * * *

"All right, Kenneth, I read to you the other ones, that you rode in a car without the consent of the owner, and also on that same date you ran away from Belloni Shelter.

"Do you understand those allegations?

"MR. CLEMENTS:   Yes.

"THE COURT:   Are those true?

"MR. CLEMENTS:   Yes.

"THE COURT:   Okay, I will accept the admission."

a crime, the court impressed upon him the seriousness of the charge. Therefore, he knew that an admission of jurisdiction would have serious consequences. Moreover, the state argues, juvenile courts do not dispense penalties, but rather exercise dispositional alternatives designed to promote the child's welfare and the best interest of the public. ORS 419.474(2); ORS 419.507. It urges that, because of the special nature and objectives of the juvenile system, a juvenile court judge need not give a child in an admission proceeding the same advice that it must give an adult offender before accepting a plea of guilty.

The United States Supreme Court addressed the extent to which procedure in juvenile courts must mirror that required in adult criminal proceedings in *In re Gault,* 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967). The Court observed that, historically, the juvenile system is designed to rehabilitate, rather than to punish children, a goal to be accomplished by treating the state as *parens patriae,* rather than as an adversary. 387 US at 16-17. Thus, in order to protect children from the "rigidities, technicalities, and harshness" of the criminal system, "wide differences have been tolerated * * * between the procedural rights accorded to adults and those of juveniles." 387 US at 14, 15.

The Court noted, however, that "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone." 387 US at 13. Indeed, "[d]epartures from established principles of due process have frequently resulted not in enlightened procedure, but in arbitrariness." 387 US at 18. Thus, while acknowledging that, to serve its special function, a juvenile court must be permitted some deviation from the procedural requirements of a criminal trial, the Court held that "the hearing must measure up to the essentials of due process and fair treatment." 387 US at 30.

We have recognized the tension between the juvenile court's need for procedural flexibility and the child's right to basic procedural fairness. In *State ex rel Juv. Dept. v. Welch,* 12 Or App 400, 412, 501 P2d 991, 507 P2d 401, *rev den* (1973), we held that, if a child's admission is to constitute a knowing waiver, "the child must be apprised of and understand the legal consequences of his admission of jurisdiction." We also held, however, that a juvenile court's

"inquiry into the knowing and voluntary nature of [a child's]

admission of jurisdiction will and should vary depending on the circumstances of the case, the age and intelligence of the child, as well as other factors * * *." 12 Or App at 412.

We thus left undefined the extent to which a juvenile court's advice could depart from that required in criminal proceedings without rendering the child's admission ineffective.

■ We considered due process rights of juveniles again, however, in *State ex rel Juv. Dept. v. Knox,* 20 Or App 455, 532 P2d 245 (1975), a case involving a claim of double jeopardy. After reviewing United States Supreme Court cases on the subject of the due process rights of juveniles, we noted:

"The principle which emerges is that any procedure constitutionally required in criminal proceedings which is one of the 'essentials of due process and fair treatment,' will be required in juvenile proceedings, where loss of liberty is at stake, particularly if that procedure will not impair the benefits which the state seeks to promote by the establishment of separate juvenile court systems." 20 Or App at 462.

Thus, a juvenile faced with allegations that could result in confinement is entitled to the same procedural safeguards as an adult, so long as those procedures do not impede the purposes for which the juvenile system was designed.

■ Criminal defendants have "a constitutional right to be advised * * * of the basic legal consequences of [their] pleas, including the maximum penalties assessable under the charge." *Lay v. Cupp,* 1 Or App 296, 298, 462 P2d 443 (1969); *see also Commentary to Proposed Criminal Code* 154-55 (1972). Thus, had the child been an adult, the court would have been obligated to inform him that the maximum penalty for unauthorized use of a vehicle was five years in prison.[4] ORS 135.385(2)(b). In the child's case, because he was 14, his admission to a Class C felony could result in confinement in an institution until age 19, a year beyond the age at which the juvenile court's jurisdiction normally ends.[5] Without that

---

[4] Under ORS 164.135(2), unauthorized use of a vehicle is a Class C felony. ORS 161.605(3) provides that the maximum sentence for a Class C felony is five years.

[5] ORS 419.511(1) provides:

"The duration of any disposition made pursuant to ORS 419.507(1)(a) to (c) shall be fixed by the court and may be for an indefinite period. Any placement in the legal custody of the Children's Services Division shall be for an indefinite period. However, in cases under ORS 419.476(1)(a), the period of any disposition made pursuant to ORS 419.507(1)(a) to (c) shall not exceed the maximum period of institutionalization or commitment authorized if the act had been committed by an adult. The period of any disposition shall not extend beyond the date on which the child becomes 21 years of age."

advice, the child could not fully understand the consequences of his admission and, therefore, cannot be deemed to have made a knowing waiver.

Moreover, juveniles, like criminal defendants, are constitutionally "entitled to assurances that the state will be required to establish guilt 'beyond a reasonable doubt.' " *State ex rel Juv. Dept. v. K.,* 26 Or App 451, 456, 554 P2d 180, *rev den* 276 Or 387 (1976). Because the child was apparently unaware of the state's burden or of the maximum penalty for the charge made against him, his waiver cannot be deemed an " 'intentional relinquishment or abandonment of a known right or privilege.' " *State ex rel Juv. Dept. v. Welch, supra,* 12 Or App at 409 (quoting *Johnson v. Zerbst,* 304 US 458, 464, 58 S Ct 1019, 82 L Ed 1461 (1938)).

It is clear from the record that the juvenile court endeavored to give the child thorough admonitions. We cannot ignore the fact, however, that, solely because he was under 18, he received fewer procedural safeguards than would an adult faced with the same charge. We also deem it significant that the child was unrepresented by counsel when he made his admission.

> "If counsel was not present for some permissible reason when an admission was obtained, the greatest care must be taken to assure that the admission was voluntary, in the sense not only that it was not coerced or suggested, but also *that it was not the product of ignorance of rights * * *." In re Gault, supra,* 387 US at 55. (Emphasis supplied.)

Because, under the circumstances, the court's advice was insufficient, the admission must be set aside.

Reversed and remanded for a new hearing.