Submitted on record and briefs March 3, affirmed October 20, respondent's motion for reconsideration filed November 17, 1993, allowed by opinion February 2, 1994
See 126 Or App 215, 867 P2d 565 (1994)

In the Matter of
Brook Clayton Beyea, aka Mike, a Male Child.

STATE ex rel JUVENILE DEPARTMENT
OF COOS COUNTY,
*Respondent,*

*v.*

Brook Clayton BEYEA,
aka Mike,
*Appellant.*

(J4167; CA A72215)

860 P2d 902

Gary D. Babcock filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and De Muniz, Judges.

DEITS, P. J.

## DEITS, P. J.

Child was found to be within the jurisdiction of the juvenile court for committing acts that, if he were an adult, would constitute attempted rape in the second degree, ORS 163.365,[1] ORS 161.405, sodomy in the second degree, ORS 163.395, and sexual abuse in the second degree, ORS 163.415.[2] He argues that the evidence was insufficient to prove that he committed the alleged acts. On *de novo* review, ORS 419.561(5), we affirm.

■ As a threshold matter, the state contends that child did not preserve this claim of error, because he did not move for a judgment of acquittal at trial. Because our review is *de novo*, child did not have to move for a judgment of acquittal to preserve his claim of error regarding the sufficiency of the evidence. He preserved that claim of error by arguing below, and on appeal, that the evidence was insufficient to establish beyond a reasonable doubt that he committed the alleged acts. Accordingly, we address child's argument.

■ The juvenile court first found that child committed acts constituting attempted rape in the second degree. That crime is committed if the person has sexual intercourse with another person who is under 14 years of age. ORS 163.365(1). Sexual intercourse occurs "upon any penetration, however slight; emission is not required." ORS 163.305(7). The victim here was 13 years old at the time of the incident. She testified that child did attempt to put his penis into her vagina, but could not "get it in" because she was "dry." Although child

---

[1] Since amended by Oregon Laws 1991, chapter 628, section 2.

[2] We note that, in its brief, the state asserts:

"The court's Order of Commitment to Juvenile Training School also stated that child was guilty of 'SEXUAL ABUSE 2.' However, the court cites ORS 163.415, which deals with sexual abuse in the *third* degree. The petition seeking jurisdiction over child also cited ORS 163.415 in Count C. Based on the court's discussion of child touching the victim's breasts or giving the victim a hickey on her breasts, it is clear that it actually found child guilty of sexual abuse in the third degree, and merely misstated the correct degree." (Emphasis in original.)

However, the trial court's order is not in error. The state's petition alleged that child committed acts on May 30, 1991, or June 1, 1991, that, if committed by an adult, would violate, *inter alia*, ORS 163.415. Prior to August, 1991, ORS 163.415 defined the crime of subjecting a person under the age of 18 to sexual contact as sexual abuse in the *second degree*. ORS 163.415 has since been amended to provide that subjecting a person under the age of 18 to sexual contact is sexual abuse in the *third degree*. Or Laws 1991, ch 830, § 1.

presented evidence that the victim was not being truthful, the trial court found the victim to be credible and, after reviewing the record, we agree with that assessment. We conclude that the evidence established beyond a reasonable doubt that child attempted to have sexual intercourse with the 13-year-old victim.

■       Because it is only necessary to conclude that child committed one of the acts that would constitute a crime if child were an adult, in order to invoke the jurisdiction of the juvenile court, it is unnecessary to address the sufficiency of the evidence of the other alleged acts by child. We hold that child was properly found to be within the jurisdiction of the juvenile court.

Affirmed.