Submitted on record and briefs September 24, 1993, affirmed March 9, 1994

In the Matter of
David Rollie Smith, Jr., a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MARION COUNTY,
*Respondent,*

*v.*

David Rollie SMITH, Jr.,
*Appellant.*

(91J-0685; CA A77564)

870 P2d 240

Mark J. Geiger filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Kaye E. Sunderland, Assistant Attorney General, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

■ In this juvenile proceeding, child was found to be within the jurisdiction of the court for conduct which, if committed by an adult, would constitute first degree criminal trespass. *Former* ORS 419.476(1)(a);[1] ORS 164.255. He contends that the court erred in denying his motion for acquittal, because the state failed to present sufficient evidence to establish venue in Marion County.[2] We review *de novo, State ex rel Juv. Dept. v. Beyea*, 124 Or App 34, 36, 860 P2d 902 (1993), and affirm.

On September 28, 1992, child unlawfully entered into another person's apartment. The state filed a petition with the juvenile court, alleging that child's conduct was the equivalent of first degree burglary, ORS 164.225, but the court found that child had engaged in conduct that was the equivalent of the lesser offense of first degree trespass.

The state established that child committed the charged act in Woodburn, Oregon. Nothing in the record indicates that Woodburn is located in Marion County. In a delinquency proceeding under *former* ORS 419.476(1)(a), venue is proper either in the county where the child resides or in the county where the alleged act was committed. *Former* ORS 419.479(1), (2).[3] Relying on *State v. Cervantes*, 118 Or App 429, 431-32, 848 P2d 118, *rev allowed* 317 Or 485 (1993), in which we held that the state in a *criminal* case had not established venue in Coos County when the evidence demonstrated only that the offense occurred in the city of Coos Bay, child concludes that the state in this case failed to prove that venue was proper in Marion County.

■ Oddly, neither party addresses the threshold issue of whether venue is a material element of proof in a juvenile delinquency proceeding. Both apparently assume that it is. However, we believe that the proper disposition of this case

---

[1] *Repealed by* Or Laws 1993, ch 33, § 373, reenacted as ORS 419C.005.

[2] Child also asserts that the evidence was insufficient to establish that he was under the age of 18 or to prove the elements of the crime of criminal trespass and that the juvenile court applied the wrong standard of proof. There was sufficient evidence to establish those elements beyond a reasonable doubt.

[3] *Repealed by* Or Laws 1993, ch 33, § 373, reenacted as ORS 419C.013(1), (2).

requires resolution of that question. Accordingly, we begin with that inquiry.

Article I, section 11, of the Oregon Constitution, provides, in part:

"In all *criminal prosecutions*, the accused shall have the right to public trial by an impartial jury *in the county* in which the offense shall have been committed." (Emphasis supplied.)

Criminal defendants are thus guaranteed a trial in the county in which the offense was committed. From that constitutional mandate stems the evidentiary rule that, in a "criminal prosecution," venue is a material allegation that the state must prove beyond a reasonable doubt. *See State v. Cooksey*, 242 Or 250, 251, 409 P2d 335 (1965); *State v. Harvey*, 117 Or 466, 471, 242 P 440 (1926). No similar provision in the state or federal constitution requires the state, in a juvenile delinquency proceeding under *former* ORS 419.476(1)(a), to prove venue as a material element of the charged act. The question, then, is whether a delinquency proceeding is a "criminal prosecution," as that term is used in Article I, section 11, and thereby confers upon juvenile offenders the constitutional protections accorded a criminal defendant.

That precise issue was recently resolved by the Supreme Court in *State ex rel Juv. Dept. v. Reynolds*, 317 Or 560, 857 P2d 842 (1993). In concluding that Article I, section 11, does not entitle a juvenile offender to a jury trial, the court held that

"the jurisdictional phase of a juvenile proceeding under [*former*] ORS 419.476(1)(a) is not a 'criminal prosecution' within the meaning of Article I, section 11, of the Oregon Constitution." 317 Or at 575.

In the light of that holding, we conclude that Article I, section 11, does not require the state to prove venue in a delinquency proceeding under *former* ORS 419.476(1)(a).

■ That does not end our inquiry, however. In *In re Gault*, 387 US 1, 13, 87 S Ct 1428, 18 L Ed 2d 527 (1967), the United States Supreme Court noted that "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone." Thus, when the loss of liberty is at issue, as is the case in a delinquency proceeding under *former* ORS 419.476(1)(a), the

essentials of due process must be satisfied. *State v. Turner*, 253 Or 235, 238, 453 P2d 910 (1969).[4] We considered the due process rights of juvenile offenders in *State ex rel Juv. Dept. v. Knox*, 20 Or App 455, 532 P2d 245 (1975), and noted

> "that any procedure constitutionally required in criminal proceedings which is one of the 'essentials of due process and fair treatment' will be required in juvenile proceedings, where loss of liberty is at stake, particularly if that procedure will not impair the benefits which the state seeks to promote by the establishment of separate juvenile court systems." 20 Or App at 462.

*See also State ex rel Juv. Dept. v. K.*, 26 Or App 451, 456 n 5, 554 P2d 180, *rev den* 276 Or 387 (1976); *State ex rel Juv. Dept. v. Welch*, 12 Or App 400, 408, 501 P2d 991, 507 P2d 401, *rev den* (1973). Thus, the constitutional procedures of a criminal trial that are vital to the process of fairness must be extended to juvenile proceedings,[5] "so long as those procedures do not impede the purposes for which the juvenile system was designed." *State ex rel Juv. Dept. v. Clements*, 95 Or App 640, 645, 770 P2d 937 (1989).

We do not believe that imposing upon the state in a delinquency proceeding the burden of proving venue promotes the juvenile system's primary goal of reformation of delinquent youth. We must remain mindful that such cases involve children, not adults, and that the ultimate question to be decided is

> "not whether the child should be punished for his or her conduct but, rather, whether the statutory grounds for jurisdiction have been established and, if so, what disposition is in the child's best interests. Juvenile courts are concerned with rehabilitation, not punishment." *State ex rel Juv. Dept. v. Reynolds, supra*, 317 Or at 574.

---

[4] In *State ex rel Juv. Dept. v. Reynolds, supra*, the court rejected the juvenile offender's claim of right to a jury trial based on the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, noting simply that "[t]here is no federal constitutional right to a jury in a delinquency proceeding." 317 Or at 563 n 2.

[5] Among the constitutional rights of a child in a delinquency proceeding is the right to notice of the charges against him, the right to counsel, the right to require the state to prove its case beyond a reasonable doubt and the rights of confrontation and cross-examination. Also applicable is the privilege against self-incrimination and the prohibition against double jeopardy. *In re Gault, supra*, 387 US at 42-57; *State ex rel Juv. Dept. v. K., supra*, 26 Or App at 455-56; *State ex rel Juv. Dept. v. Knox, supra*, 20 Or App at 460-63; *State ex rel Juv. Dept. v. Welch, supra*, 12 Or App at 408.

*See also State v. Turner, supra*, 253 Or at 242.

Proof of venue is immaterial to the determination of whether the child committed the charged act and is properly within the court's jurisdiction. Moreover, dismissal of a delinquency petition solely because the state failed to prove venue would prevent the court from fashioning an order that would, in all hope and probability, start the child down the path of reformation. Such a result would frustrate the juvenile system's rehabilitative efforts and, in the long run, would be detrimental to the child's welfare. Indeed, the jurisdictional phase of the delinquency proceeding can impress upon the child the seriousness of his or her conduct and provide an important stepping stone to reform. As the Supreme Court has noted:

> "There is reason to believe * * * that, at least in the case of first offenders and of other children who have not yet embarked upon a criminal career, the adjudicative phase of their court experience presents an important rehabilitative opportunity." *State v. Turner, supra*, 253 Or at 243.

We hold that, in a delinquency proceeding under *former* ORS 419.476(1)(a), evidence of the county in which the charged act was committed is not a necessary element of proof. Accordingly, the trial court properly denied child's motion to dismiss the petition.

Affirmed.