In re Interest of Leo L. II, a child under 18 years of age.
State of Nebraska, appellee, v. Leo L. II, appellant.

606 N.W. 2d 783

Filed February 25, 2000.   No. S-99-386.

Thomas C. Riley, Douglas County Public Defender, and Douglas A. Johnson for appellant.

James S. Jansen, Douglas County Attorney, and Melissa A. Stanosheck for appellee.

Hendry, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Connolly, J.

The separate juvenile court of Douglas County found Leo L. II to be a child within the meaning of Neb. Rev. Stat. § 43-247(1) (Reissue 1998). Leo contends that the evidence is insufficient as a matter of law to sustain this adjudication because the State failed to establish venue for the underlying offense. We conclude that in a juvenile case, the State need not prove that the juvenile's underlying act occurred within the county in which the petition was filed. We therefore affirm.

## BACKGROUND

Leo was arrested on October 14, 1998, and was charged with obstructing a peace officer, a Class I misdemeanor. See Neb. Rev. Stat. § 28-906(1) (Reissue 1995). A petition was filed in the separate juvenile court of Douglas County, alleging that Leo, born July 7, 1983, was a child as defined by § 43-247, which states in part: "The juvenile court in each county as herein provided shall have jurisdiction of: (1) [a]ny juvenile who has committed an act other than a traffic offense which would constitute a misdemeanor or an infraction under the laws of this state, or violation of a city or village ordinance."

The arresting officers and Leo testified at the adjudication hearing on March 15, 1999. Officers Steve Jennum and Joseph B. Baudler of the Omaha Police Department each testified that on October 14, 1998, they responded to a disturbance at North High School, 36th Street and Ames Avenue. While there, they placed Leo under arrest for his interference with the arrests of two other individuals.

At the close of the State's case, Leo made a motion to dismiss for the State's failure to prove a prima facie case. Counsel for Leo argued, "I think there's a question of whether this occurred in Douglas County, Nebraska. I don't think there's any evidence to support that, and we'd move to dismiss." The State responded that "there is evidence that the event occurred at 36th and Ames in Omaha at North High School." The juvenile court overruled the motion.

The third witness, Leo himself, made no reference to the site of the arrest.

At the close of all the evidence, counsel for Leo renewed his motion to dismiss. He argued that "again, there is — it's a technicality, but there's no evidence that this occurred in Douglas County, Nebraska, and I would ask the Court to dismiss the charge."

The juvenile court found that the State proved beyond a reasonable doubt that the allegations in the petition were true. Leo was adjudged to be a juvenile within the meaning of § 43-247(1). The court ordered that a predisposition evaluation be conducted and that the matter be set for a disposition hearing. Leo appealed from the adjudication hearing.

## STANDARD OF REVIEW

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Spulak v. Tower Ins. Co.*, 257 Neb. 928, 601 N.W.2d 720 (1999); *State v. Hittle*, 257 Neb. 344, 598 N.W.2d 20 (1999).

## ASSIGNMENT OF ERROR

Leo assigns as error, restated, the trial court's finding that the allegations in the petition were true because venue was never established.

## ANALYSIS

■ The issue on appeal is whether, in a juvenile proceeding, the State must prove venue beyond a reasonable doubt. Under Neb. Rev. Stat. § 29-1301 (Reissue 1995), a *criminal* defendant has a right to be tried in the county in which the criminal offense is alleged to have been committed. Additionally, we have held that the State must prove proper venue beyond a reasonable doubt in criminal cases. *State v. Vejvoda*, 231 Neb. 668, 438 N.W.2d 461 (1989). Leo argues that under *In re Gault*, 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967), the venue requirement for criminal cases should be extended to juvenile cases. In other words, Leo contends that the State should be required in juvenile proceedings to prove venue beyond a reasonable doubt. We disagree.

In *In re Gault*, the U.S. Supreme Court reiterated the determination announced in *Kent v. United States*, 383 U.S. 541, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966), that the Due Process Clause of the 14th Amendment required juvenile court hearings to measure up to the essentials of due process and fair treatment. Specifically, the Court in *In re Gault* held that in proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, a juvenile has the same constitutional rights as an adult to receive notice of the charges, to be represented by counsel, to confront and cross-examine witnesses, and to invoke the privilege against self-incrimination. Subsequent to *In re Gault*, however, the Court held in *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S. Ct.

1976, 29 L. Ed. 2d 647 (1971), that the right to a jury trial in criminal proceedings does not extend to juvenile proceedings.

Leo argues that because *In re Gault* afforded juveniles many of the same rights and protections that criminal defendants possess, the requirement of proof of venue beyond a reasonable doubt in criminal cases should be extended to juvenile proceedings. Our reading of *In re Gault*, however, does not lead us to the same conclusion. *In re Gault* recognized four specific due process rights of a juvenile offender in a delinquency adjudication in which the juvenile's freedom could be curtailed. None of those due process rights are even tangentially related to the statutory requirement of proof of venue in a criminal case. In addition, *McKeiver* made clear that juveniles are not entitled to the same rights and protections as criminal defendants. In light of the longstanding view in Nebraska that juvenile offenders and adult offenders are not similarly situated, we decline the invitation to extend *In re Gault* and impose upon the State in a delinquency proceeding the burden of proving venue beyond a reasonable doubt. See *In re Interest of A.M.H.*, 233 Neb. 610, 616, 447 N.W.2d 40, 44 (1989) (quoting *State v. Pinkerton*, 186 Neb. 225, 182 N.W.2d 198 (1970), " 'It has been the policy of this state, at least since 1879, to authorize special treatment for juvenile offenders' ").

One appellate court that addressed the issue of venue as a material element of proof in a juvenile delinquency proceeding held that evidence of the county in which the charged act was committed was not a necessary element of proof. *State ex rel. Juv. Dept. v. Smith*, 126 Or. App. 646, 870 P.2d 240 (1994). The court reasoned:

> Proof of venue is immaterial to the determination of whether the child committed the charged act and is properly within the court's jurisdiction. Moreover, dismissal of a delinquency petition solely because the state failed to prove venue would prevent the court from fashioning an order that would, in all hope and probability, start the child down the path of reformation. Such a result would frustrate the juvenile system's rehabilitative efforts and, in the long run, would be detrimental to the child's welfare.

*Id.* at 651, 870 P.2d at 242.

■ Like the Oregon court, we have held that the foremost purpose and objective of the Nebraska Juvenile Code is to promote and protect a juvenile's best interests. See *In re Interest of Lisa O.*, 248 Neb. 865, 540 N.W.2d 109 (1995) (citing *In re Interest of D.D.P.*, 235 Neb. 864, 458 N.W.2d 193 (1990)). We have long recognized that a juvenile court proceeding is not a prosecution for crime, but a special proceeding that serves as an ameliorative alternative to a criminal prosecution. *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996). Proof of venue is immaterial to the determination of whether a juvenile falls within the meaning of § 43-247.

## CONCLUSION

■ We hold that in a proceeding under the Nebraska Juvenile Code, the State is not required to prove proper venue. Evidence that the juvenile's underlying act occurred within the county in which the petition was filed is not a necessary element of proof. We find that the separate juvenile court of Douglas County had jurisdiction of the matter in the adjudication proceeding. We therefore affirm.

AFFIRMED.