180 October 8, 2025 No. 892

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. S.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

J. S.,
*Appellant.*

Douglas County Circuit Court
24JU02292; A184744

Steve H. Hoddle, Judge.

Argued and submitted August 28, 2025.

Sarah Peterson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Chief Judge, Jacquot, Judge, and O'Connor, Judge.

JACQUOT, J.

Reversed and remanded.

JACQUOT, J.

Youth seeks reversal of the judgment committing him to the Oregon Youth Authority (OYA) for "24 months" or "two years." Youth was alleged to have engaged in conduct against two different victims, that, if committed by an adult, would constitute menacing and fourth degree assault, Class A misdemeanors. The juvenile court accepted an admission from youth on each allegation. On appeal, youth raises two assignments of error. In his first, youth argues that the court plainly erred by accepting his admission without first properly advising youth of the maximum term of commitment that could result from his admission or ensuring that youth understood how long he could be required to stay in the youth correctional facility. In assignment of error two, youth argues that the court erred by committing him for longer than the allowable maximum.

Turning first to youth's second assignment of error, we review whether the juvenile court exceeded its authority under the juvenile code for legal error. *See State v. D. S. H.*, 339 Or App 596, 598, 569 P3d 232 (2025) ("We review the juvenile court's legal rulings for errors of law ***."). ORS 419C.501(1)(d) authorizes a maximum sentence of 364 days for each allegation. The state concedes that the court erred by committing youth for a term of "24 months" or "two years." We accept the state's concession. Because there are two allegations in this case, the maximum term would be 728 days. The court had legal authority to make the terms of commitment consecutive, because, as it observed, there were separate victims for each proven allegation; however, the imposed commitment term of "24 months" or "two years" exceeded the statutory maximum by two days. *State v. B. Y.*, 319 Or App 208, 219, 510 P3d 247 (2022), *rev'd on other grounds*, 371 Or 364, 537 P3d 517 (2023).

Regarding youth's first assignment of error, the fill-in-the-blank admission form that youth signed listed the two charges and 364 days as the maximum term of commitment. The form was also signed by youth's attorney, the state's attorney, and the judge. During the colloquy conducted before the court accepted youth's admission, the juvenile judge said "the penalty associated with your charge

is up to 364 days in a youth correctional facility. \*\*\* *And it's the same for both charges*." (Emphasis added.) After the court accepted youth's admission, the court and two probation officers discussed the requested commitment term, at which point the court realized it could impose 364 days for each of the admitted allegations. Youth's attorney did not question or object to the colloquy. Before pronouncing disposition, the juvenile court indicated it was going to order up to two years in closed custody. Again, youth's attorney did not object or make any comment.

Youth argues that he did not have knowledge of the actual maximum length of commitment that was possible. Youth argues that, at the time that the court accepted his admission, he was only advised of a potential maximum of 364 days in closed custody. Youth requests that we reverse under our plain error review standard. The state responds that youth knew that the commitment period could be 364 days for each charge, and alternatively asserts that it is at least not obvious and beyond reasonable dispute that youth did not knowingly admit the allegations against him. The state further argues that youth did not raise a concern once the two-year commitment was discussed or before the court entered a judgment.

We review whether a youth's admission was knowing, voluntary, and intelligent for legal error. *State ex rel Juv. Dept. v. Clements*, 95 Or App 640, 644-46, 770 P2d 937 (1989) (so reviewing). For an error to be reversible under our plain error discretion, it must be "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

For an admission by a youth to be valid, the youth must be aware, in a manner consistent with the youth's age and intelligence, of the consequences of their admission, including the maximum disposition. *See State v. C. L. E.*, 316 Or App 5, 11, 502 P3d 1154 (2021) (explaining, in the context of reviewing the validity of an admission, that a youth's capability of understanding "var[ies] depending on the circumstances of the case, the age and intelligence of

the child, as well as other factors") (quoting *State ex rel Juv. Dept. v. Welch*, 12 Or App 400, 411-12, 501 P2d 991 (1972), *adh'd as modified on reh'g*, 12 Or App 400, 507 P2d 401 (1973)). When the record does not affirmatively demonstrate that a youth's admission was knowing and voluntary, and there might be additional evidence that could be considered by the juvenile court to determine the validity of the waiver, it may be appropriate to remand for further proceedings. *Welch*, 12 Or App at 409-10.

The record available to us—which includes an admissions document signed by youth, his counsel, the district attorney, and the juvenile judge—listing 364 days as the maximum—does not affirmatively demonstrate that youth understood nor that he was advised of the maximum potential 728-day term of commitment. Under *Welch*, a juvenile court plainly errs by accepting a youth's admission without creating a record that affirmatively demonstrates that the youth was aware of the consequences of the admission, including the maximum disposition associated with it.

Accordingly, we reverse and remand for the juvenile court to enter a corrected judgment not exceeding 728 days. Because the matter must return to the juvenile court to correct the dispositional judgment, and because the purpose of the juvenile system is rehabilitative,[1] with an emphasis on developmentally appropriate procedures,[2] we exercise our discretion to remand for further proceedings with respect to the first assignment of error. As we concluded in *Welch*, the appropriate disposition to redress the court's failure to create the necessary record is remand to create a record of

---

[1] *See* ORS 419C.001(1) (the juvenile delinquency system is founded on "principles of personal responsibility, accountability and reformation"); ORS 419C.478(1) (court may only commit youth to the legal custody of OYA if that is in the best interest of the adjudicated youth); and ORS 419C.478(3)(b)(B) (only allowing commitment to OYA if the juvenile court determines it will lead to youth's reform and rehabilitation).

[2] *See* ORS 419C.478(3)(b) (requiring the court to consider youth's age and mental or emotional conditions if it decides to commit youth to the OYA); ORS 419C.349(2)(a) (requiring older youth to be "of sufficient sophistication and maturity to appreciate the nature and quality of [his] conduct" at the time of the offense before they can be waived to adult court under statutes allowing waiver); and ORS 419C.145(2), (4) (requiring the court to consider youth's best interest, relationships, educational status, and mental health in pre-adjudication detention decision).

what youth's understanding was at the time he waived his right to trial. 12 Or App at 412 ("the child must be apprised of and understand the legal consequences of his admission of jurisdiction").[3] On remand, the juvenile court should conduct a *Welch* analysis to determine what youth knew about the maximum term of commitment at the time he entered his admission. As in *Welch*,

> "It may be that additional evidence would disclose a knowing and voluntary waiver. If so, the entry of the plea was valid. If not, the plea itself must be set aside for further proceedings consistent with this and our former opinion."

*Id.*

Reversed and remanded.

---

[3] In *Welch*, we also cited *Raisley v. Sullivan*, 8 Or App 332, 336, 493 P2d 745 (1972) ("The record must contain an affirmative showing of the voluntariness of the plea.").